THE STATE, EX REL. GRAVES ET AL.,
*v.* STATE ET AL.

(No. 82AP-771—Decided May 17, 1983.)

*Mr. Arthur C. Graves* and *Mr. William A. Gardner, pro se.*

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, *Messrs. Gurley, Rishel, Martin, Myers & Kopech* and *Mr. Thomas*

*V. Martin,* for respondents state of Ohio, Court of Claims, Victims of Crime Division, and Robert B. Belz.

WHITESIDE, P.J. By this original action in mandamus, relator-attorneys, Arthur C. Graves and William A. Gardner, seek a writ of mandamus ordering respondents, Court of Claims and the Court of Claims commissioner, to comply with R.C. 2743.65 and award them reasonable attorney fees for their services to a claimant in her claim for reparations as a victim of crime.

Respondents filed no answer to the complaint, so that the factual allegations thereof must be deemed admitted even though a default judgment would not be appropriate pursuant to Civ. R. 55(D). There appears, however, to be little dispute as to the facts and as to the proceedings in the Court of Claims.

The claimant, Irene Warner, filed an application pursuant to R.C. 2743.52 *et seq.,* for a reparations award as a victim of crime as the result of the death of her husband during a criminal act, he having been shot and killed by an assailant during a fight in a bar. The matter was heard by a single commissioner who denied the award and, upon appeal to a three-commissioner panel, the order was affirmed. This order was affirmed upon appeal to a judge in the Court of Claims. The basis for the denial, as stated by the commissioner, was that "* * * at the time of his death, the decedent was engaged in contributory misconduct which is sufficient to justify the denial of an award pursuant to R.C. 2743.60(D)." His findings of fact stated little more, but, in the discussion, the commissioner noted that the decedent and his assailant were engaged in a physical altercation, that decedent was larger and younger than his assailant, that decedent had used fighting and provocative language, and had chased another individual before the assailant became involved in the fracas, and that, just prior to the shooting, the assailant was on the floor

and decedent was grasping him by the throat. Apparently the assailant pulled a gun and shot and killed the claimant's husband.

The correctness of these findings is not before us since, in affirming the decisions denying a reparations award, the Court of Claims referred the matter to a single commissioner to determine attorney fees in accordance with R.C. 2743.65(A), which provides in pertinent part:

"As part of an order, a single commissioner or a panel of court of claims commissioners shall determine and award reasonable attorney's fees, commensurate with services rendered, to be paid by the state to the attorney representing a claimant under sections 2743.51 to 2743.72 of the Revised Code. Additional attorney's fees may be awarded by the court of claims in the event of appeal. Attorney's fees may be denied upon a finding that the claim or appeal is frivolous. Awards of attorney's fees shall be in addition to awards of reparations, and attorney's fees may be awarded whether or not an award of reparations is made. An attorney shall not contract for or receive any larger sum than the amount allowed under this section."

The first sentence of R.C. 2743.65(A) imposes a duty upon a Court of Claims commissioner or panel of commissioners to award reasonable attorney fees to a claimant's attorneys, which fees shall be commensurate with the services rendered. The only basis for denying attorney fees as set forth in the statute is a finding that the claim or appeal is frivolous. In addition, R.C. 2743.65(A) provides that attorney fees may be awarded whether or not an award of reparations is made. This latter portion is not a grant of discretion but merely an explanation that denial of the award does not cut off the right of the attorney to his reasonable fees commensurate with services rendered so long as the claim or appeal is not frivolous. The last section clearly mandates such a conclusion because it provides that an attorney cannot receive from his client any fee larger than the amount allowed under this section nor is he allowed to contract for such a fee. Since the only fee allowed by R.C. 2743.65 is that to be paid by the state to the attorney, necessarily the attorney may not collect any fee from his client whether or not he is successful in presenting the claim. Whether this is a good policy, or whether this court would adopt the same policy, is not a question before us. The legislature, by R.C. 2743.65(A), has mandated that an attorney representing a claimant under R.C. 2743.51 to 2743.72 may receive only such fees for his services as are determined to be reasonable by either a single commissioner or a panel of commissioners, such fees to be paid by the state, and are to be denied only upon a finding that a claim or appeal is frivolous.

In this case, the commissioner neither denied the claim for attorney fees nor found the original claim to be frivolous, although the Court of Claims indicated in its decision that the appeal to it may have been frivolous. Rather, the Court of Claims commissioner awarded $350 of the $2,450 requested by relators as attorney fees, the commissioner merely noting that some services were performed individually by the two attorneys and some were performed jointly as indicated by the statement. Without further explanation, the commissioner merely stated "the award of attorney's fees should equal $350.00." He did not even make a finding that this amount was reasonable or that it was commensurate with the services rendered. Rather, the commissioner's finding is devoid of any reasoning or basis for an award of attorney fees of such a low amount. It is apparently undisputed that the Attorney General did not contest the award of attorney fees before the commissioner and made no filing in opposition to the award of attorney fees, and that no hearing was conducted upon the question,

nor any evidence received bearing upon the issue other than the affidavits of the attorneys that the statements are an accurate account of the legal services rendered.

Respondents now contend that this very low award of attorney fees is justified because the Court of Claims judge who affirmed the commissioner's decision was critical of the attorneys' work product, the judge apparently taking judicial notice of unspecified newspaper reports of barroom incidents and referring to ten unreported decisions of that judge or court for which the "same argument" had been rejected.

There are some questionable comments in the Court of Claims' decision affirming the commissioner's denial of the claim. We question whether judicial notice of barroom conditions can be taken because of some newspaper reports. We also question whether it is proper to conclude as a matter of law that it is foreseeable that if one becomes involved in a fight in a barroom the other person will pull a gun and shoot and kill him. At most, this is a highly debatable factual issue.

On the other hand, the decision did point out ample basis for concluding pursuant to R.C. 2743.60(D) that the claim should be denied "because of the contributory misconduct of the claimant or of a victim through whom he claims." R.C. 2743.60(D) permits either reduction or denial of the claim for such reason. Although we cannot agree with the Court of Claims' statement "that the victim's demise was a sole proximate result of his own misconduct," there was sufficient evidence of contributory misconduct on the part of the victim, claimant's husband, to justify denial of a claim on a factual basis, making it questionable whether an appeal should be pursued to the Court of Claims where the issue pursuant to R.C. 2743.61(A) is whether "the decision of the commissioners is unreasonable or unlawful." Furthermore, although the Court of Claims criticized counsel for not citing numerous unreported decisions of the Court of Claims, the Court of Claims did not take cognizance of R.C. 2503.20, which provided that no unreported decisions "shall be recognized by and receive the official sanction of any court." Since the Court of Claims' decision, the Supreme Court has recently adopted Rules for the Reporting of Opinions, Rule 2(G)(1) of which provides that an unpublished opinion shall not be considered controlling authority. Furthermore, since there is no evidence as to the amount of time it would take for an attorney to find all the unreported decisions of the Court of Claims referred to by that court, it might well be unreasonable for the attorney to expend that time in research, especially if, as the Court of Claims indicated, the research would be fruitless insofar as establishing a standard, since the attorney on behalf of the claimant is free to argue to the Court of Claims that it is in error in its prior decisions and should modify them and reach a more just result, even if the effort be unsuccessful.

However, even assuming that the appeal to the Court of Claims was frivolous so that an award for attorney fees could be denied with respect to that appeal, only $695 of the requested fee pertained to that appeal. The other $1,755 of the requested fee related to presenting the claim to the commissioners. More importantly, however, the commissioner who made the very low attorney fee award made no finding that either the claim or the appeal was frivolous.

Under the circumstances, we are forced to the conclusion that there was an abuse of discretion on the part of the commissioner in setting the fees. There is no evidence whatsoever justifying a fee of only $350. Nor is there any "experience" of the commissioner demonstrated as urged by respondents justifying a conclusion of a lower attorney fee. While, because of his position as an attorney, the commissioner may evaluate evidence, he

still needs evidence to evaluate and must evaluate the evidence before him, not some preconceived notion of his own as to how much should be paid for an unsuccessful attorney with respect to a claim. However, even if the matter is to be viewed in that fashion, in light of what evidence there is in this record and the difficulties that necessarily must have been encountered in attempting to prove a very difficult, and debatable, claim, reasonable attorney fees necessarily must be much greater than the $350 awarded by the commissioner. There is no suggestion by anyone that the $60 hourly rate requested by relators is unreasonable, and this court would note that in general it is a fairly modest rate.

We do not find that relators are entitled to the full amount claimed. It may be possible that there is evidence indicating some question as to compensation for the appeal to the Court of Claims, as well as some question as to whether there was duplication of effort with respect to some of the instances where the attorneys apparently worked jointly, but this amounts to only $420, or seven hours of the total time expended. With respect to one and one half hours, or $90, the statement indicates that time was charged for only one attorney although both spent the full hour and one half.

Respondents' other defense is that mandamus is not an appropriate remedy, although conceding there is no other remedy available. We find no merit to this contention. Mandamus is available to correct an abuse of discretion. R.C. 2743.20, which provides that there is no appeal from a judgment of the Court of Claims with respect to an appeal from a decision of the Court of Claims commissioners, does not prevent the exercise of the original jurisdiction of this court in mandamus. We find no merit to respondents' contention. Mandamus is an appropriate and available remedy under the circumstances.

We find an abuse of discretion on the part of the Court of Claims commissioner in making an award of only $350 upon the evidence adduced, there being no evidence justifying such a low award, and such an award not being otherwise justified. The award is so unreasonably low under the circumstances as to constitute a gross abuse of discretion, at least in the absence of a hearing or evidence justifying such a low award. Here, as we noted, the Attorney General did not oppose the relators' request before the commissioner. Nor did the commissioner conduct a hearing of any kind. Accordingly, the requested writ must be issued ordering respondents to comply with R.C. 2743.65(A) and award reasonable attorney fees commensurate with relators' services, respondents being free to conduct a hearing or take additional evidence before making that determination.

However, for the foregoing reasons, the requested writ of mandamus is allowed.

*Writ allowed.*

REILLY and MOYER, JJ., concur.