THE STATE, EX REL. JENKINS, APPELLANT, *v.* TYACK, JUDGE, APPELLEE.

[Cite as State, ex rel. Jenkins, *v.* Tyack (1985), 17 Ohio St. 3d 242.]

(No. 84-1558—Decided June 12, 1985.)

*Jack N. Turoff,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *David E. Northrop,* for appellee.

LOCHER, J. The issue before us is whether, in the absence of an abuse of discretion, mandamus may be utilized to collaterally attack a decision by the Court of Claims in an action initiated under the Victims of Crime Act. For the reasons set forth below we decline to allow mandamus to be so utilized.

R.C. 2743.20 specifies in pertinent part: "The decision of the court of claims with respect to an appeal from a decision of the court of claims commissioners is final, and no appeal from the decision of the court of claims lies to any other court." Relator cannot, therefore, appeal from the decision of the Court of Claims. Similarly, the Attorney General is constrained in his appeal, pursuant to R.C. 2743.61(A), from a panel of Court of Claims commissioners to only those appeals involving conclusions of law. Evidently, the legislature intended to limit final appellate jurisdiction in cases in-

volving the Victims of Crime Act to the Court of Claims and, only then, on narrow grounds with respect to appeals by the Attorney General. However, mandamus may be utilized in the circumstances *sub judice* to correct an abuse of discretion. *State, ex rel. Graves,* v. *State* (1983), 9 Ohio App. 3d 260. Our analysis is thus twofold. First, we must assertain whether the appeal to the Court of Claims was properly taken by the Attorney General. Second, we must ascertain whether mandamus is appropriate as a remedy for relator herein.

The first question is resolved by examining the basis for the Court of Claims' decision. The three-commissioner panel found in its conclusion of law that the applicant had established *by a preponderance* of evidence that decedent's loss occasioned economic loss as defined in R.C. 2743.51(I). The legal question raised by the Attorney General was whether relator's dearth of evidence to support her assertions was sufficient to constitute a preponderance of evidence pursuant to the express dictates of R.C. 2743.52.

"Preponderance of evidence" in Victims of Crime Compensation Act cases must go beyond self-serving affidavits. *In re Rios* (1983), 8 Ohio Misc. 2d 4. Documentary evidence to support affidavits which offer proof of economic loss is important to justify a decision to award benefits. *In re Eader* (1982), 70 Ohio Misc. 17 [24 O.O.3d 83]. (" '* * * [A]lthough it may cause inconvenience, the only reliable method of establishing the alleged economic loss is to place the burden squarely on those who will benefit from the award. Only in this manner may we be guaranteed continued integrity and equitable disbursements of the reparations rotary fund.' ") *Id.* at 22.

In the instant case Judge Baynes established that ten checks, averaging $63 per check over a three-year period, did not support affidavits asserting support payments were made of $75 per week.

Judge Baynes noted in his opinion:

"From the life style described, two conclusions are apparent. The fact, if it is a fact, that the victim may have given applicant-appellee checks on several different occasions, between March 1977 and October 1980, may not have been for the children's benefit, but rather for the amenities he expected to receive as a result. * * *

"Secondly, it is illogical, if not irrational, to believe that the victim gave applicant $75. per week of his $163. net weekly pay, bought $1,500 worth of clothing for the children annually and did all the other things regarding the children as applicant testified, all the while tending to his other liaisons."

Accordingly, the appeal presented by the Attorney General was a proper challenge against the legal interpretation of preponderance of evidence by the majority of the panel of commissioners. Although such inquiry by its very nature is intertwined with factual findings, in the instant case the absence of documentation presented by relator to support her

position raised a distinct legal question that could properly be evaluated on appeal.

The second inquiry is with respect to the propriety of mandamus to compel the Court of Claims to affirm the panel's decision. The traditional mandamus analysis requires a tripartite determination of whether relator has established a clear legal right to the relief prayed for, whether respondent has a clear legal duty to perform the requested act, and whether relator has no plain and adequate remedy in the ordinary course of law. See, *e.g., State, ex rel. Gibbons,* v. *Cleveland* (1984), 9 Ohio St. 3d 216, 217.

We may assume, given the dictates of R.C. 2743.20, that relator has satisfied the third component of the test since the statute explicitly does not allow appeal from a Court of Claims decision. Relator is, however, unable to fulfill the first two components of the analysis.

Relator would only have a legal right to the relief prayed for if, as we noted previously, an abuse of discretion had existed. We noted in our analysis of whether the appeal was properly brought to the Court of Claims that Judge Baynes merely evaluated whether the proper evidentiary standard had been applied by the panel of commissioners. The conclusions rendered therefrom were entirely reasonable in light of the dearth of documentary support for relator's position. As we have noted time and again, an abuse of discretion connotes more than mere error in judgment. It implies the court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 219. We would, based on the record presented herein, be hard pressed to find an error of judgment on the part of the Court of Claims, let alone the requisite abuse of discretion.

Finally, relator has not demonstrated a clear legal duty by respondent to follow the legal determination made by the panel. It is well-established pursuant to R.C. 2731.03 that "[t]he writ of mandamus * * * cannot control judicial discretion." See, also, *State, ex rel. Sawyer,* v. *O'Connor* (1978), 54 Ohio St. 2d 380, 383 [8 O.O.3d 393]. To force the Court of Claims to accept a legal determination by the panel, when that determination in the court's discretion was an incorrect application of the appropriate legal standard, would be an explicit attempt to control proper judical discretion. We must therefore reject relator's argument on the question of respondent's legal duty to act as relator would require.

Accordingly, we hold that a writ of mandamus may not be utilized, absent an abuse of discretion, to collaterally attack a Court of Claims decision in an action initiated under the Victims of Crime Act.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., HOLMES, DOUGLAS and WRIGHT, JJ., concur.

SWEENEY and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. The panel of three commissioners pursuant to R.C. 2743.55(C) conducted a hearing and made findings of facts and conclusions of law favorable to relator. The Attorney General appealed the panel's decision to the Court of Claims pursuant to R.C. 2743.61(A), which reads in pertinent part:

"(A) The *attorney general may appeal conclusions of law made by a panel of court of claims commissioners* and a claimant may appeal an award of reparations * * *. If the determination of the commissioners with respect to any claim for an award of reparations is appealed, the court of claims shall hear and determine the appeal on the basis of the record of the hearing before the commissioners, including the original award or denial made by a single commissioner, the finding of fact and recommendation of the attorney general, any information or documents that the attorney general used in his investigation, any information or data provided the court of claims pursuant to division (B) of section 2743.53 of the Revised Code, and any briefs or oral arguments that may be requested by the court. If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon." (Emphasis added.)

Under the appeal taken to the Court of Claims by the Attorney General, that court pursuant to R.C. 2743.61(A) had authority only to review the conclusions of law of the three members of the panel, and had no power to review the two specific findings of fact which, in substance, determine that decedent supported his two minor children. The Court of Claims had jurisdiction and authority only to review the sole conclusion of law of the panel by reason of division (A) of R.C. 2743.61 giving the Attorney General a right to appeal *"conclusions of law made by a panel of court of claims commissioners."* (Emphasis added.) This conclusion of law as stated in the opinion of that court reads as follows:

"(1) The Applicant has established by a preponderance of the evidence as required by R.C. 2743.52 that she and her two minor children have sustained dependent's economic loss as defined in R.C. 2743.51(I)."

In view of the two findings of fact not reviewable by the Court of Claims, such findings, namely, that decedent supported his minor children, must be accepted as undisputed. It follows logically then that the conclusion of law is unassailable in its determination that the appellant had established by a preponderance of the evidence that she and her two minor children have sustained dependent's economic loss as defined in R.C. 2743.51(I).

Under this procedural stance of the facts and of the law the scope of review of the Court of Claims was confined by the specific language of R.C. 2743.61(A): "* * * upon hearing and consideration of the record and

evidence," if it "decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

The statute is clear that the Court of Claims judge had a very narrow reviewing power and had no authority under R.C. 2743.61(A) to reweigh the evidence submitted to the panel of three commissioners and to substitute his judgment of the facts for that of the panel. It follows that since the panel's factual findings are legally indisputable, the sole conclusion of law that appellant sustained a dependent's economic loss is logical and unassailable. *Ergo,* the Court of Claims abused its discretion by exceeding the statutory scope of review provided for that court in reversing the panel's decision and reinstating the single commissioner's award of $500 for funeral costs.

By reason of the foregoing the judge of the Court of Claims had a clear legal duty to affirm the award and the decision of the panel of three commissioners. The relator had no right to appeal a decision of the Court of Claims to a reviewing court by reason of R.C. 2743.20, which in pertinent part provides:

"* * * The decision of the court of claims with respect to an appeal from a decision of the court of claims commissioners is final, and no appeal from the decision of the court of claims lies to any other court."

Thus the relator has no adequate remedy at law by way of testing the decision of the Court of Claims. We have held many times in various contexts, especially in Industrial Commission cases, that mandamus is a proper remedy where there is no adequate remedy at law to challenge the board or court order, in situations where there is no right of appeal from certain determinations that are arbitrary, unreasonable or unlawful. *State, ex rel. Ogan,* v. *Teater* (1978), 54 Ohio St. 2d 235 [8 O.O.3d 217]; *State, ex rel Breno,* v. *Indus. Comm.* (1973), 34 Ohio St. 2d 227 [63 O.O.3d 378]; *State, ex rel. Mansour,* v. *Indus. Comm.* (1969), 19 Ohio St. 2d 94 [48 O.O.2d 98]; *State, ex rel. Graves,* v. *State* (1983), 9 Ohio App. 3d 260.

Therefore, I dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.