THE STATE, EX REL. JENKINS, APPELLANT, *v.* STERN, JUDGE, APPELLEE.

[Cite as State, ex rel. Jenkins, *v.* Stern (1987), 33 Ohio St. 3d 108.]

(No. 87-43—Decided December 2, 1987.)

*Turoff & Turoff* and *Jack N. Turoff,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Catherine M. Cola,* for appellee.

*Per Curiam.* In her first proposition of law, appellant asserts that both the Revised Code and the Victims of Crime Compensation Rules authorize an award of attorney fees to an attorney who represents a claimant in an action for a writ of mandamus, provided that such action is not frivolous.

It is not disputed that appellant is entitled to seek a writ of mandamus to correct an abuse of discretion by the Court of Claims. In *State, ex rel. Jenkins, supra,* this court held that "[a] writ of mandamus may not be utilized, absent an abuse of discretion, to collaterally attack a Court of Claims decision in an action initiated under the Victims of Crime Act." The central issue is whether attorney fees are provided for either by statute or rule.

Appellant urges that, because attorneys are entitled to an award of attorney fees unless an action in mandamus is frivolous, and this action is not frivolous, the Court of Claims must allow her attorney these fees.

R.C. 2743.65(A) provides, in pertinent part, that:

"As part of an order, a single commissioner or a panel of court of claims commissioners *shall* determine and award reasonable attorney's fees, commensurate with services rendered * * *. Additional attorney's fees *may* be awarded by the court of claims in the event of appeal. Attorney's fees *may* be denied upon a finding that the claim or appeal is frivolous. * * *" (Emphasis added.)

First, the legislature intended to limit final appellate jurisdiction in cases involving the Victims of Crime Act to the Court of Claims. *State, ex rel. Jenkins, supra,* at 243-244, 17 OBR at 480-481, 479 N.E. 2d at 269.

Accordingly, any statutory provision establishing payment of attorney fees for appeals anticipates only the appeal to the Court of Claims.

Second, by the very terms of the statute, a claimant's attorney shall be awarded attorney fees unless the claim is frivolous. However, additional attorney fees *may* be awarded by the Court of Claims in the event of appeal. Nowhere in the statute is it provided that an attorney may receive attorney fees for a mandamus action.

It is true that the court in *State, ex rel. Graves,* v. *State* (1983), 9 Ohio App. 3d 260, 9 OBR 473, 459 N.E. 2d

913, stated, in paragraph one of the syllabus, that an attorney representing a claimant may receive only such fees for his services as are determined to be reasonable by either a single commissioner or a panel of commissioners and that such fees are to be denied only upon finding that a claim or appeal is frivolous. However, *Graves* does not hold that a claimant's attorney is entitled to attorney fees in a mandamus action.

V.C.C.R. 1 does not require a different conclusion. In V.C.C.R. 1(B), the maximum amounts of reimbursement allowable to an attorney for services performed are listed. The stages which are listed include a determination by a single commissioner, a determination by a panel of commissioners, and a determination by a judge of the Court of Claims. There is no other allowance for reimbursement listed in the rule. This fact supports appellee's contention that the legislature never contemplated attorney fees to be awarded for a mandamus action.

To adopt appellant's view, that her attorney is entitled to an award of attorney fees for a mandamus action where the action is not frivolous, would be to create an entire level of appellate review never contemplated by the General Assembly. Neither statute nor rule supports appellant's theory. Accordingly, appellant's first proposition of law is rejected.

In her second proposition of law, appellant urges that the denial of compensation to any attorney for work performed in pursuit of a writ of mandamus to correct an abuse of discretion is a denial of the claimant's right to due process of law, depriving the claimant of the right to be represented by an attorney in a civil proceeding.

First, the prohibition against an attorney charging a claimant for services rendered applies only to work performed in representing a claimant under R.C. 2743.51 through 2743.72. Mandamus is codified in R.C. 2731.01 *et seq.* Therefore, R.C. 2743.65(A) does not prevent a claimant from retaining counsel to pursue a mandamus action, nor does it prohibit an attorney from charging for services in connection with such an action.

Second, appellant has not been denied any right of due process. Here, appellant perfected the allowed appeal and therefore received all that to which she was entitled. This court has never recognized the proposition that a civil litigant is entitled to representation of counsel at the appellate level.

There is no generalized right of counsel in civil litigation. As the court observed in *Potashnick* v. *Port City Constr. Co.* (C.A. 5, 1980), 609 F. 2d 1101, certiorari denied (1980), 449 U.S. 820:

"* * * [C]ertain distinctions can be made between the rights of civil litigants and those of criminal defendants. A criminal defendant's right to counsel arises out of the sixth amendment, and includes the right to appointed counsel when necessary. * * * A civil litigant's right to retain counsel is rooted in fifth amendment notions of due process; the right does not require the government to provide lawyers for litigants in civil matters. * * * A criminal defendant faced with a potential loss of his personal liberty has much more at stake than a civil litigant asserting or contesting a claim for damages, and for this reason the law affords greater protection to the criminal defendant's rights." (Citations omitted.) *Id.* at 1118.

Accordingly, appellant's second proposition of law is without merit and it is overruled.

In her third proposition of law, appellant urges that an incorrect applica-

tion or interpretation of the law constitutes an abuse of discretion which will justify the issuance of a writ of mandamus where no other remedy is available.

As noted in the foregoing discussion, here the Court of Claims did not incorrectly apply or interpret the law. Accordingly, there is no abuse of discretion. This proposition of law is overruled.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.