## Zupan v. Zupan
*[Cite as 7 AOA 175]*

*Case No. CA-957*
*Ashland County, (5th)*
*Decided September 11, 1990*

*James B. Davis, Three Commerce Park Square, Suite 810, 23200 Chagrin Boulevard, Beachwood, Ohio 44122, for Appellant.*

*Alan G. Starkoff, Renee Z. Gummoe, 1700 Ohio Savings Plaza, Cleveland, Ohio 44114-3158 and Brian J. Halligan, 245 Sandusky Street, P.O. Box 606, Ashland, Ohio 44805, for Appellees.*

GWIN, J.

Defendant-appellant, James B. Davis (appellant), appeals from two judgments entered in the Ashland County Court of Common Pleas wherein the court ordered appellant to pay the aggregate amount of $3,250 as sanctions pursuant to Civ. R. 37(D). Appellant now seeks our review and assigns the following as error:

"I. THE COURT ERRED IN GIVING APPELLANT DAVIS NO NOTICE THAT THE NOVEMBER 29, 1989 HEARING WOULD DEAL WITH THE CLAIMS OF DEFENDANT'S FOR SANCTIONS REGARDING THE DEPOSITION OF CHERYL ZUPAN.

"II. THE COURT ERRED IN GRANTING SANCTIONS AND JUDGMENT AGAINST APPELLANT DAVIS DIRECTLY IN FAVOR OF ATTORNEYS FOR THE DEFENDANT

HUSBAND AND DEFENDANT COMPANIES RATHER THAN TO THE PARTIES, AN ACTION TOTALLY UNAUTHORIZED BY LAW.

"III. THE COURT ERRED BY GRANTING ATTORNEY FEES WHICH WERE GROSSLY EXCESSIVE IN AMOUNT, PUNITIVE, DUPLICATIVE, AND UNRELATED TO THE DEPOSITION.

"IV. THE COURT DISPLAYED GROSS BIAS AND PREJUDICE AGAINST CHERYL ZUPAN AND HER ATTORNEY JAMES B. DAVIS THROUGHOUT THE PROCEEDINGS AND IN THE HEARING OF NOVEMBER 29, 1989; THE COURT'S AWARD WAS THE PRODUCT OF AN UNDISCLOSED PERSONAL BIAS.

"V. THE COURT COMMITTED ERROR IN THE CONDUCT OF THE HEARING 1) SWEARING NO WITNESS 2) TAKING NO TESTIMONY 3) REQUIRING NO EVIDENCE WHATEVER WITH REGARD TO THE CLAIM OF THE ABSENT ATTORNEY VAN TILBURG 4) HEARING NO TESTIMONY OR TRUE EVIDENCE WITH REGARD TO THE REASONABLENESS OF THE FEES OR THE RATES AND 5) ASKING NO SINGLE QUESTION INQUIRING INTO THE CIRCUMSTANCES OF THE CLAIMS."

A duly noticed deposition of appellant's client, Cheryl Zupan, was scheduled for Thursday, September 28, 1989, at 10:00 a.m., pursuant to two Civ. R. 30 Notices of Deposition *Duces Tecum* filed by the codefendants in the underlying action.

Neither appellant nor his client attended the scheduled deposition. Appellant did not seek Civ. R. 26(C) protection from the deposition nor did he give prior written notice of the planned non-attendance.

Although not required by rule, the trial court conducted a hearing on co-defendants' motion for sanctions pursuant to Civ. R. 37(D). All counsel and their clients were present for said hearing, with the exception of appellant, who failed to again notify the court or opposing counsel of his intention not to appear.

Following the hearing and after due consideration of the evidence presented, the trial court entered the above judgments against appellant.

I, III & V

We shall consider assignments one, three and five together, for each question whether the trial court abused its discretion awarding money sanctions against appellant and, if not, whether the amount of the sanctions was an abuse.

A court "abuses its discretion" when its judgment is without reasonable basis and such judgment is obviously wrong because it is "unreasonable, arbitrary or unconscionable." *State, ex rel. Jenkins v. Tyack* (1985), 17 Ohio St. 3d 242, 245; *Angelkovski v. Buckeye Potato Chip Co., Inc.* (1983), 11 Ohio Ap. 3d 159, 162.

After careful consideration of the record before us, we find that the trial court did not abuse its discretion in its award of Civ. R. 37(D) money sanctions against appellant. Further, the trial court delineated its basis for the amount of the awards and we find no abuse therein.

Accordingly, these assignments of error are hereby overruled.

II

Appellant argues by his second assignment that the trial court erred in awarding the Civ. R. 37(D) sanctions directly to the attorneys of the codefendants. In other words, appellant asserts that the sanctions represent a reimbursement to an injured party in the underlying action for legal expenses incurred because of the wrongdoing of the opposing counsel or opposing party. Thus, the sanctions are properly awarded directly to the injured party who paid the unnecessary legal expenses and not to the injured party's attorney. We agree.

Civ. R. 37(D) provides, in pertinent part:

"... If a party ... fails (1) to appear before the officer who is to take his deposition after being served with a proper notice,... after proper service of the request, the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B) (2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act *or the attorney advising him* or both to pay the reasonable expenses, including attorney's fees, caused by the failure... " (Emphasis added.)

The above rule clearly permits sanctions to be awarded against an attorney. However, a complete reading of Civ. R. 37, especially (A) (4),

indicates that an award of sanctions is to be paid to the moving party, not the moving party's counsel.

In the instant case, the trial court did not err in awarding sanctions against appellant. The trial court did, however, err in ordering said sanctions be directly paid to the moving parties' attorneys.

We therefore, pursuant to App. R. 12(B), enter final judgment modifying the trial court's judgments by ordering the Civ. R. 37(D) sanctions be paid directly to the moving parties.

Accordingly, we sustain this assignment.

### IV

In his fourth assignment, appellant claims that the court's award of money sanctions was a product of undisclosed personal bias. Under the authority of *Knapp v. Edward's Laboratories* (1980), 61 Ohio St. 2d 197, we must presume regularity of the proceedings in the trial court. The record before us fails to rebut this presumption.

Accordingly, there being no demonstration of trial court bias, we overrule this assignment.

For the foregoing reasons, the Judgments of the Ashland County Court of Common Pleas are hereby affirmed and modified.

MILLIGAN, P.J., and SMART, J., concur.