THE STATE EX REL. THOMSON, APPELLANT, *v.* CLERK, COURT OF CLAIMS, APPELLEE.

[Cite as *State ex rel. Thomson v. Court of Claims* (1997), 80 Ohio St.3d 495.]

*Mandamus to compel Clerk of the Court of Claims to transmit record of an appeal of Court of Claims' judgment to the court of appeals dismissed, when.*

(No. 97-1477 — Submitted November 4, 1997 — Decided December 31, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD03-425.

Appellant, Michael E. Thomson, filed a complaint in the Court of Claims alleging that the Department of Rehabilitation and Corrections' negligence resulted in personal injuries to Thomson when he fell on a snow-covered, crumbling sidewalk at Warren Correctional Institution. Thomson requested $2,478 in damages. Appellee, Clerk of the Court of Claims, administratively denied Thomson's claim pursuant to R.C. 2743.10(C). Upon Thomson's motion, the Court of Claims reviewed the clerk's determination under R.C. 2743.10(D) and adopted the clerk's order. When Thomson attempted to appeal the Court of Claims' judgment to the court of appeals, the clerk refused to transmit the record.

In March 1997, Thomson filed a complaint in the Franklin County Court of Appeals for a writ of mandamus to compel the Clerk of the Court of Claims to transmit the record to the court of appeals. After the clerk filed a Civ.R. 12(B)(6) motion to dismiss, Thomson filed a motion to amend his petition with an attached amendment. The proposed amendment provided that the complaint "should be amended" to add the Court of Claims as a respondent and to add a claim that the Court of Claims abused its discretion by denying Thomson's claim against the state. On May 27, the court of appeals granted Thomson's motion for leave to file an amended complaint. On July 10, after Thomson failed to file an amended complaint and have it served on the proposed new respondent (the Court of Claims), the court of appeals granted the clerk's motion and dismissed Thomson's complaint.

This cause is now before the court upon Thomson's appeal as of right.

_____

*Michael E. Thomson, pro se.*

*Betty D. Montgomery*, Attorney General, and *Socrates H. Tuch*, Assistant Attorney General, for appellee.

_____

**Per Curiam.** Thomson asserts that the court of appeals erred in dismissing his mandamus action because the Court of Claims never answered his amended complaint. As the clerk notes, however, after Thomson was granted leave to file an amended complaint, which proposed adding the Court of Claims as a new respondent, he did not file the amended complaint, and it was never served on the Court of Claims. The court of appeals acted properly in not considering the proposed amendment. See, generally, 4 Harper & Solimine, Anderson's Ohio Civil Practice (1996) 485-486, Section 156.04; 1 Klein & Darling, Ohio Civil Practice (1997) 803, Section AT 15-3; cf. *Steiner v. Steiner* (1993), 85 Ohio App.3d 513, 520-522, 620 N.E.2d 152, 157-158.

In addition, even assuming that Thomson's amended complaint was properly before the court of appeals after it granted Thomson's motion to amend, Thomson's mandamus claim alleging an abuse of discretion by the Court of Claims lacked merit. A writ of mandamus will not issue to control judicial discretion, even if that discretion is abused. *State ex rel. Luna v. McGimpsey* (1996), 74 Ohio St.3d 485, 486, 659 N.E.2d 1278, 1278-1279; *State ex rel. Jennings v. Nurre* (1995), 72 Ohio St.3d 596, 598, 651 N.E.2d 1006, 1008; R.C. 2731.03; cf. *State ex rel. Jenkins v. Tyack* (1985), 17 Ohio St.3d 242, 245, 17 OBR 479, 482, 479 N.E.2d 267, 270-271 ("To force the Court of Claims to accept a legal determination by the panel [of Court of Claims commissioners] when that determination in the court's discretion was an incorrect application of the appropriate legal standard, would be an explicit attempt to control proper judicial discretion.").

Finally, the court of appeals correctly dismissed Thomson's original mandamus complaint because the clerk had no duty to transmit the Court of Claims record to the court of appeals after Thomson attempted to appeal the Court of Claims determination. See R.C. 2743.10(D) ("Upon the motion of a party, the court of claims shall review the determination of the clerk upon the clerk's report and papers filed in the action and shall enter judgment consistent with its findings. *The judgment shall not be the subject of further appeal.*" [Emphasis added.]).

Based on the foregoing, the court of appeals did not commit any error in granting the clerk's Civ.R. 12(B)(6) motion and dismissing Thomson's complaint. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.