OPINION
Richard J. Fraley appeals from a judgment and decree of divorce terminating his marriage to Sandra K. Fraley and dividing property between them.
Sandra and Richard[1] Fraley married on December 9, 1978. No children were born of the marriage. Richard filed a complaint for divorce on February 4, 1998. On March 9, Sandra filed an answer and counterclaim.
On April 17, 1998, Richard was sentenced to two consecutive ten month terms of incarceration arising from one count of domestic violence against his stepdaughter and one count of vandalism. Richard is currently incarcerated at the Noble Correctional Institute.
The court scheduled a hearing for June 16, 1998, but on the joint motion of the parties it was rescheduled for August 19. The court rescheduled the hearing a second time for September 22. Richard's counsel appeared at the hearing, but asked for leave to withdraw, which the court granted. Richard was not present because of his incarceration.
The court awarded Richard his separate property. The court awarded all marital property to Sandra because of Richard's incarceration. The trial court did not award either party spousal support.
Richard appealed and now presents four assignments of error.
 FIRST ASSIGNMENT OF ERROR THE JUDGEMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Because our resolution of Richard's second assignment of error moots the first, we will not address it.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DESCRETION (SIC) PURSUANT TO TITLE 31 SECTION 3105.16 OF THE O.R.C.
Upon a divorce, R.C. 3105.16 allows a court to restore a person's name that was used prior to the marriage. Because Richard argues that the trial court abused its discretion in awarding all marital property to his wife, we interpret his assignment of error as referring to R.C. 3105.171, which governs division of marital property.
R.C. 3105.171(C) mandates an equal division of marital property, unless that would be inequitable under the circumstances. In dividing marital property, and in deciding whether to make a distributive award, a trial court must consider all relevant factors, including those listed in R.C. 3105.171(F). The trial court must address these statutory factors in making a decision. Neel v. Neel (1996), 113 Ohio App.3d 24, 32. The trial court also must make written findings of fact to support its decision. R.C. 3105.171(G); Huener v. Huener (1996), 110 Ohio App.3d 322.
 In allocating property between the parties to a divorce and in making an award of sustenance alimony, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law.
 Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97.
The court valued the marital home at $135,000 and awarded it to Sandra. It awarded Richard his separate property. It awarded all other property to Sandra. The court found that "the distribution of the property awarded by the Court is fair and equitable due to Plaintiff Richard J. Fraley's incarceration for convictions for Domestic Violence and Vandalism." (Decree at 2).
The trial court failed to explain, by way of proper findings, why and how Richard's convictions make it equitable to award the marital property to Sandra. Criminal convictions are not one of the factors that R.C. 3105.171(F) requires the court to consider. Sandra was not the victim of Richard's acts of domestic violence, though she may have suffered losses as a result of his acts of vandalism. If so, the award to her may be reasonable compensation for her loss. On this record, we do not know. The court must make findings to support it in order to overcome the statutory requirement of an equal division.
The domestic relations court has broad discretion in making its orders. However, references to what is equitable cannot, standing alone and without supportive findings, permit an arbitrary result. See Drumm v. Drumm (Mar. 26, 1999), Mont. App. Nos. 16631, 17115, unreported. Therefore, the assignment of error is sustained, in part, and the case will be remanded for findings to support the court's award of all marital property to Sandra.
Richard also argues that he should have been allowed to attend the hearing. In a civil action to which a prisoner is a party, "the United States Supreme Court specifically has chosen not to extend to them the Fourteenth Amendment due process right to physical access to the courts." Mancino v. Lakewood (1987),36 Ohio App.3d 219, 221 (citing Wolff v. McDonnell (1974),418 U.S. 539, 576). Thus, there is not an absolute right for an incarcerated party to be present in a civil action. Kampfer v.Donnalley (1998), 125 Ohio App.3d 359, 363. The decision whether to allow the presence of an incarcerated party is within the sound discretion of the trial court. Id.
Richard did not provide notice to the court of his wish to be present at the hearing. Richard did not file a writ of habeas corpus ad testificandum; he did not move the court for attorney fees pursuant to R.C. 3105.18(H); he did not have himself deposed to present his factual case. See Dragojevic-Wiczen v. Wiczen
(1995), 101 Ohio App.3d 152, 156. In the absence of such action by the incarcerated party, we can see no abuse of discretion by the trial court in not providing for the presence of Richard at the hearing.
Richard's second assignment of error is sustained in part and overruled in part.
 THIRD ASSIGNMENT OF ERROR VIOLATIONS OF APPELLANTS 5TH, 16TH, 13TH, / 14TH
AMENDMENT TO THE U.S. CONSTITUTION OF THE DUE PROCESS CLAUSE. FOURTH ASSIGNMENT OF ERROR INEFFECTIVE ASSISTANCE OF COUNSEL/FAILURE TO ALLOW COUNSEL
Richard argues that he was deprived of a protected property right because of injury to his reputation and a change in his legal status. He also argues that he had a right to representation by counsel at the hearing.
Although Richard asserts that an injury to his reputation and a change in legal status has deprived him of a protected property right, he offers no reasons in support of his contentions. The cases that he cites to support his argument are concerned with building permits, rezoning of property, and the involuntary commitment of a prisoner. He offers no argument showing how these cases support his argument, and we cannot see how these cases support his contention of a deprivation of property.
App.R. 12(A)(2) states that "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R.
16(A)." App.R. 16(A)(7) directs the appellant to include in his brief "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
App.R. 12(A) allows an appellate court to overrule or disregard an assignment of error because of appellant's lack of briefing on it. Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159. "It is not the duty of an appellate court to search the record for evidence to support an appellant's argument as to any alleged error." State v. Watson (1998), 126 Ohio App.3d 316, 321.
We conclude that Richard did not comply with App.R. 16(A) because he failed to present an argument that supports his contentions and because he failed to adequately brief his assignment of error.
Richard also argues that the trial court erred in not appointing counsel for him. "There is no generalized right of counsel in civil litigation." State ex rel. Jenkins v. Stern
(1987), 33 Ohio St.3d 108, 110 (citing Potashnick v. Port CityConstr. Co. (C.A. 5, 1980), 609 F.2d 1101). Richard has cited no statute requiring that counsel be appointed for him. See State exrel. Karmasu v. Tate (1992), 83 Ohio App.3d 199, 206-07. The trial court thus did not err in failing to appoint counsel for Richard.
Richard's argument that he was deprived of his right to the assistance of counsel is also without merit. "[T]here is no constitutional right to effective assistance of counsel in civil proceedings. As such, an injured party's remedy for inefficient legal counsel is, generally, against the attorney in a suit for malpractice." Musa v. Gillette Communications of Ohio, Inc.
(1994), 94 Ohio App.3d 529, 537.
Richard's third and fourth assignments of error are overruled.
Having sustained in part Richard's second assignment of error, the judgment of the trial court is reversed, and the case will be remanded to the trial court for further action consistent with this opinion.
FAIN, J. and YOUNG, J., concur.
Copies mailed to:
Richard J. Fraley
Carol Perritt Lindstrom, Esq.
Hon. Charles A. Lowman, III
[1] For purposes of clarity and economy, we will refer to the parties by their first names.