This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Sharla Kay Bratcher ("Appellant") appeals from the decision of the Wayne County Court of Common Pleas, Domestic Relations Division, granting a divorce to Appellee Farrin Bratcher ("Appellee")[1] and designating him residential parent of the couple's only child, Dakota Page Bratcher ("Dakota Page"). We affirm.
 I.
On June 30, 2000, Appellee filed his action for divorce against Appellant, claiming the grounds of gross neglect of duty and extreme cruelty. Appellee was represented by counsel throughout the proceedings. Appellant appeared pro se. The main issue litigated was the custody of the couple's daughter, Dakota Page.
On July 11, 2000, the court held a hearing on temporary orders. Appellant appeared for this hearing; neither Appellee nor his counsel appeared. The trial court designated Appellant as temporary residential parent of Dakota Page during the pendency of the divorce action, ordered Appellee to file a child support income worksheet, and scheduled a status conference for August 29, 2000. On August 3, 2000, the court dismissed the divorce action because Appellee failed to file the child support income worksheet per the court's order. Upon motion of Appellee, the court reinstated the divorce action on October 2, 2000.
The court held a status conference on October 18, 2000. Two days prior to the status conference, Appellant filed a motion for continuance, citing her inability to hire an attorney as reason for the continuance. The trial court denied the motion. Appellant failed to appear in court.
Appellant filed a motion for contempt of court on November 1, 2000. The trial court never addressed this motion. A hearing on temporary visitation and support was held on November 9, 2000. Appellant failed to appear for this hearing as well.
The court held the final divorce hearing on January 17, 2001. Before the final hearing began, Appellant moved the trial court for a continuance so that she could retain counsel. The court noted that the Wayne County Legal Services telephoned the court 30 minutes prior to the hearing to request a continuance on Appellant's behalf as well. The trial court denied Appellant's motion and proceeded with the hearing.
On February 2, 2001, the trial court granted Appellee's action for divorce and named Appellee as the residential parent of Dakota Page. This appeal followed.
 II. Assignment of Error One [APPELLANT] WAS DENIED DUE PROCESS AND EQUAL PROTECTION UNDER THE LAWS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT DID NOT APPOINT COUNSEL TO REPRESENT [APPELLANT] IN THE DIVORCE PROCEEDING.
Appellant argues that she was denied due process because the trial court did not appoint counsel to represent her during her divorce when the main issue litigated in the divorce hearing concerned parental rights and custody issues of a child. Appellant argues that because R.C. 2151.352
entitles a parent to appointed counsel in all stages of juvenile proceedings, the trial court should have appointed counsel to represent her during the divorce. We disagree.
We begin by noting that Appellant never requested that the trial court appoint an attorney for her at any time during the proceedings. Instead, Appellant requested a continuance so that she could obtain counsel. However, even assuming that Appellant had requested that the trial court appoint counsel, we find that Appellant had no right to appointed counsel in this proceeding.
The right to be represented by counsel in a civil proceeding where the state seeks to take the party's life, liberty, or property is guaranteed by the Fifth Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment. Roth v. Roth (1989),65 Ohio App.3d 768, 776. However, litigants have no generalized right to appointed counsel in civil actions. State ex rel. Jenkins v. Stern
(1987), 33 Ohio St.3d 108, 110. Juv.R. 4 and R.C. 2151.352 provide that an indigent parent is entitled to appointed counsel in all stages of juvenile proceedings. These rules apply only to juvenile proceedings under the jurisdiction of the juvenile court. See Juv.R. 1; Asberry v.Payne, (1998), 82 Ohio St.3d 44, 48. Juv.R. 4 "shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute." Juv.R. 4(A).
In this case, while Appellant was involved in a custody dispute, the dispute was an element of the divorce case before the court of common pleas, domestic relations division. The action was not before the juvenile court, and as such, Juv.R. 4 and R.C. 2151.351 do not apply. Without constitutional or statutory authority, we cannot find that Appellant had a right to appointed counsel. As Appellant did not have a right to appointed counsel, the trial court did not err when it did not appoint counsel for her. Appellant's first assignment of error is overruled.
 III. Assignment of Error Two THE TRIAL COURT DENIED APPELLANT DUE PROCESS OF LAW WHEN IT ABUSED ITS DISCRETION IN REFUSING TO GRANT A CONTINUANCE TO ALLOW APPELLANT TO OBTAIN COUNSEL.
In her second and final assignment of error, Appellant asserts that the trial court abused its discretion when it denied her motion for continuance in order for her to obtain counsel for the divorce proceeding. We disagree.
The decision to grant or deny a continuance is within the sound discretion of the trial court. State v. Unger (1981), 67 Ohio St.2d 65, syllabus. Therefore, the trial court's grant or denial of a motion for continuance will not be reversed upon review absent an abuse of discretion. Id. at 67-68. An abuse of discretion signifies more than merely an error in judgment; instead, it involves "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Review of the trial court's exercise of discretion in granting or denying a continuance involves weighing "any potential prejudice to a defendant [against] concerns such as a court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." Unger, 67 Ohio St.2d at 67. "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." Id. at 67, quoting Ungar v. Sarafite
(1964), 376 U.S. 575, 589, 11 L.Ed.2d 921, 931. The trial court should consider various factors when it rules on a motion for continuance, including the length of delay requested, whether any continuances were previously requested and granted by the moving party, and the relative inconvenience to all litigants, witnesses, opposing counsel, and the court. Unger, 67 Ohio St.2d at 67-68.
In this case, Appellee opposed Appellant's request for continuance. Throughout the pendency of this action, Appellant sent various filings to the court. She communicated with the court by filing notices of address change and motions for contempt. When the trial court denied Appellant's oral request for continuance at the final divorce hearing, it noted that the matter had been pending for over six months and that notice of the hearing was sent more than one month earlier. The trial court stated, on the record, "a half an hour before the hearing is to start is not really a time to be asking for a continuance in this matter."
We cannot say that the trial court abused its discretion in denying Appellant's motion for continuance. Appellant's second assignment of error is overruled.
 IV.
Having overruled Appellant's two assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., WHITMORE, J. CONCUR
[1] At the outset, we note that Appellee has failed to file a brief in this matter.