[Cite as *Robinson v. Mays*, 2020-Ohio-1241.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Ben Robinson

    Appellee

v.

Mario Mays

    Appellant

Court of Appeals No. L-19-1065

Trial Court No. CVG-19-02633

**DECISION AND JUDGMENT**

Decided: March 31, 2020

* * * * *

Mario Mays, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} In this accelerated appeal, appellant, Mario Mays, appeals the March 21, 2019 judgment of the Toledo Municipal Court granting restitution of real property to appellee, Ben Robinson, in a forcible entry and detainer action. For the reasons that follow, we affirm the trial court's judgment.

## I. Background

{¶ 2} On February 8, 2019, appellee Robinson filed a "Landlord's Complaint" in the Toledo Municipal Court seeking to evict appellant Mays from real property that Robinson owned in Toledo, Ohio. The complaint alleged that Mays violated an oral lease by failing to pay rent.

{¶ 3} The matter was initially scheduled for trial before a magistrate on February 22, 2019. At trial, Mays' counsel asked the trial court to dismiss the action because Robinson failed to properly notify Mays of the basis for the eviction. That is, the three-day notice that ordered Mays to vacate the premises—which Robinson posted before filing the complaint as required by R.C. 1923.04—stated that Mays was being evicted because he possessed the property without color of title. The complaint, on the other hand, alleged that Mays failed to pay rent on an oral lease. Mays argued that this inconsistency demonstrated that Robinson failed to comply with the requirements of R.C. 1923.04 and the complaint should be dismissed. Instead, the magistrate granted Robinson leave to file an amended complaint and denied the motion to dismiss.

{¶ 4} Robinson's amended complaint, filed March 4, 2019, corrected this discrepancy and alleged that Mays' possession of the premises without color of title was the basis for the eviction. Following the amendment, the matter proceeded to trial on March 18, 2019.

{¶ 5} On that date, Robinson appeared with counsel, and Mays appeared without counsel. Robinson's counsel informed the court that Mays' counsel had contacted her approximately an hour earlier, stating that he was ill and could not attend trial. Mays

2.

similarly informed the trial court that his counsel's office had contacted him stating that counsel would not be appearing at the trial. Mays stated he was instructed by his counsel to appear and request a continuance. Robinson's counsel objected to the continuance. The trial court denied Mays' requested continuance and the matter proceeded to trial.

{¶ 6} Robinson testified that he was the titled owner of the property, Mays was living at his property, and he never received any rent from Mays. Robinson confirmed that he provided Mays with notice to vacate the premises more than three days before filing the present action as required by R.C. 1923.04.

{¶ 7} On cross-examination, Mays—now acting pro se—attempted to question Robinson regarding prior agreements between them concerning his right to possess the property and the circumstances of Mays' 2017 eviction from the same property. Robinsons' counsel objected to the relevance of Mays' questions and their repetitive nature. In response, Mays argued that he lacked legal skills and needed his counsel to defend against the objections. The magistrate reminded Mays that his request had already been denied and asked him to continue with his questioning. After Mays finished his cross-examination of Robinson, Mays declined to testify and offered no witnesses or evidence in his defense.

{¶ 8} Later that same day, the magistrate entered an order granting judgment in favor of Robinson and held that a writ of restitution would be issued at Robinson's request. The trial court adopted the magistrate's decision, without objection from Mays, on March 21, 2019. Mays timely appeals from that judgment and asserts the following errors for our review:

3.

(1) Trial court erred denying [his] right to counsel;

(2) Trial court erred denying [the] right to [a] fair trial.

## II. Law and Analysis

{¶ 9} Mays' first assignment of error alleges that he was denied the constitutional right to the assistance of counsel at trial. His second assignment of error alleges that because of the denial of this right, he was denied a fair trial. Because these assignments of error are interrelated and center upon Mays' argument that he was denied a purported constitutional right to counsel, we address them together.

{¶ 10} Essentially, Mays argues that the trial court erred by requiring him to proceed at trial pro se without first determining that he "waived or forfeited his right to counsel." Mays' argument fails in its entirety, however, because he has no constitutional right to counsel in a civil proceeding.

{¶ 11} "The Sixth Amendment to the United States Constitution provides a right to the effective assistance of counsel in a *criminal* proceeding." *Roth v. Roth*, 65 Ohio App.3d 768, 585 N.E.2d 482 (6th Dist.1989), citing *Strickland v. Washington* 466 U.S. 668, 686, 104 S.Ct. 2052 (1989) (emphasis added). In contrast, "[t]here is no generalized right of counsel in *civil* litigation." *State ex rel. Jenkins v. Stern*, 33 Ohio St.3d 108, 110, 515 N.E.2d 928 (1987) (emphasis added). An exception to this general rule is when "the state seeks to take the defendant's life, liberty, or property" through a civil proceeding. *Id.* In that instance, the right to counsel "is guaranteed by the Fifth Amendment to the United States Constitution as applied to the states by the Fourteenth Amendment." *Id.*

4.

"However, in a civil case between individual litigants, there is no constitutional right to representation." *Id.*

{¶ 12} This is a forcible entry and detainer action, which is a civil proceeding. *Seventh Urban, Inc. v. University Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 24, 423 N.E.2d 1070 (1981); R.C. 1901.181; Civ.R. 1(A) and (C). Moreover, this civil proceeding is between two private litigants—Robinson and Mays. Consequently, Mays does not have a constitutional right to counsel in this proceeding. *See Sheehe v. Demsey*, 8th Dist. Cuyahoga No. 99965, 2014-Ohio-305, ¶ 8 (recognizing that Ohio law does not recognizes a right to counsel in a civil eviction proceeding).

{¶ 13} We therefore find Mays' two assignments of error not well-taken.

### III. Conclusion

{¶ 14} Because Mays does not have a constitutional right to counsel in this proceeding, we find Mays' two assignments of error not well-taken. We therefore affirm the March 21, 2019 judgment of the Toledo Municipal Court. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

5.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.