[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 123.]

THE STATE EX REL. FATTLAR, APPELLANT, *v.* BOYLE, MAYOR, ET AL., APPELLEES.

[Cite as *State ex rel. Fattlar v. Boyle*, 1998-Ohio-428.]

*Mandamus to compel Mayor of North Olmsted to reinstate relator as head of the Division of Parks and Recreation and award him back pay and benefits— Writ denied when relator cannot establish a clear legal right to reinstatement or a corresponding clear legal duty on the part of the mayor to reinstate him.*

(No. 97-1910—Submitted June 24, 1998—Decided September 16, 1998.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 70522.

———————————

{¶ 1} The city of North Olmsted is a chartered municipal corporation. Section 1, Article V of the North Olmsted Charter established administrative departments, including the Department of Public Safety. The Director of Public Safety is in charge of the Department of Public Safety. Section 4, Article V, North Olmsted Charter. The Department of Public Safety consists of several divisions, including the Division of Parks and Recreation.

{¶ 2} In 1986, North Olmsted Mayor M. Yvonne Petrigac appointed appellant, Thomas Fattlar, as head of the Division of Parks and Recreation. Appellee North Olmsted Mayor Edward J. Boyle succeeded Mayor Petrigac. Fattlar's employment as head of the Division of Parks and Recreation continued despite his not having been expressly reappointed to that position by Mayor Boyle in 1990 and 1994.

{¶ 3} In October 1994, Director of Public Safety Carolyn Kasler removed Fattlar from his position as head of the Division of Parks and Recreation. Kasler discharged Fattlar without a hearing or vote by the city council. In March 1995,

Kasler appointed appellee Michael Dolansky to succeed Fattlar as head of the Division of Parks and Recreation.

**{¶ 4}** After Mayor Boyle refused to reinstate Fattlar, Fattlar filed a declaratory judgment/wrongful termination suit against North Olmsted in the Cuyahoga County Court of Common Pleas requesting damages. Fattlar voluntarily dismissed this action.

**{¶ 5}** In April 1996, Fattlar filed a complaint in the Court of Appeals for Cuyahoga County. In his complaint, as subsequently amended, Fattlar requested a writ of mandamus to compel Mayor Boyle to reinstate him as head of the Division of Parks and Recreation and award him back pay and benefits. Fattlar also prayed for a writ of *quo warranto* to oust his successor from the position. Following a hearing before a court-appointed commissioner, the court of appeals denied the writs.

**{¶ 6}** This cause is now before the court upon an appeal as of right.

_____

*Wargo & Wargo*, *Frank J. Groh-Wargo* and *Mark Fusco*, for appellant.

*Michael R. Gareau*, North Olmsted Director of Law, and *James M. Dubelko*, Assistant Director of Law, for appellees.

_____

***Per Curiam.***

**{¶ 7}** Fattlar asserts in his sole proposition of law that the court of appeals erred in denying the writ of mandamus to compel Mayor Boyle to reinstate him as head of the Division of Parks and Recreation and award him back pay and benefits.[1]

**{¶ 8}** In order to be entitled to a writ of mandamus, Fattlar had to establish a clear legal right to the requested relief, a clear legal duty on the part of Mayor

---

1. Fattlar, however, does not contend that the court of appeals erred in denying his *quo warranto* claim.

Boyle to provide this relief, and the lack of an adequate remedy in the ordinary course of law to compel Mayor Boyle to perform the requested acts. *State ex rel. McGinty v. Cleveland City School Dist. Bd. of Edn.* (1998), 81 Ohio St.3d 283, 287, 690 N.E.2d 1273, 1276-1277.

{¶ 9} The court of appeals held that Fattlar failed to establish any of the prerequisites for extraordinary relief in mandamus because the pertinent charter provisions were unclear and susceptible of differing interpretations and Fattlar's prior declaratory judgment action constituted an adequate remedy in the ordinary course of law.

{¶ 10} The court of appeals erred in denying the writ of mandamus based on the purported lack of clarity of the applicable charter provisions. The court of appeals held that mandamus would not lie because the charter provisions are "sufficiently circuitous and ambiguous to preclude a precise and clear interpretation * * *." But courts in mandamus actions have a duty to construe constitutions, charters, and statutes, if necessary, and thereafter evaluate whether the relator has established the required clear legal right and clear legal duty. *State ex rel. Tomino v. Brown* (1989), 47 Ohio St.3d 119, 120, 549 N.E.2d 505, 506; *State ex rel. Ashbrook v. Brown* (1988), 39 Ohio St.3d 115, 117, 529 N.E.2d 896, 898. It is the court's duty to resolve all doubts concerning the legal interpretation of these provisions. *State ex rel. Melvin v. Sweeney* (1950), 154 Ohio St. 223, 225-226, 43 O.O. 36, 37, 94 N.E.2d 785, 787; see, also, *Elliott v. Weinberger* (C.A.9, 1977), 564 F.2d 1219, 1226. The court of appeals failed in its duty to resolve doubts concerning the legal interpretation of the charter provisions.

{¶ 11} In addition, the court of appeals erred in denying the writ of mandamus based on its conclusion that Fattlar had an adequate legal remedy by way of his prior declaratory judgment action. The declaratory judgment action did not preclude Fattlar's mandamus action because the former action was no longer pending and it would not have been a complete remedy to Fattlar unless coupled

with ancillary extraordinary relief in the nature of a mandatory injunction to compel Mayor Boyle to reinstate him to his former position. See, generally, *State ex rel. Huntington Ins. Agency, Inc. v. Duryee* (1995), 73 Ohio St.3d 530, 537, 653 N.E.2d 349, 355-356; *State ex rel. Fenske v. McGovern* (1984), 11 Ohio St.3d 129, 11 OBR 426, 464 N.E.2d 525, paragraph two of the syllabus; cf. *State ex rel. Bennett v. Lime* (1978), 55 Ohio St.2d 62, 9 O.O.3d 69, 378 N.E.2d 152, syllabus.

**{¶ 12}** Nevertheless, a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. *State ex rel. Peeples v. Anderson* (1995), 73 Ohio St.3d 559, 560, 653 N.E.2d 371, 373. We must therefore determine whether Fattlar has established his entitlement to the requested writ of mandamus under the applicable charter provisions.

**{¶ 13}** Before 1990, the applicable sections of the North Olmsted Charter provided:

"ARTICLE III

"THE MAYOR

" * * *

"SEC. 5. DUTIES AND POWERS OF THE MAYOR.

"(a) *Executive Powers.*

" * * *

"Except as may otherwise be provided by this Charter or the laws of the State of Ohio governing Civil Service, the Mayor shall have the power to appoint, promote, transfer, reduce or remove any officer or employee of the City except (a), those required by this Charter to be elected, and (b), those whose terms of office may be fixed by this Charter. *The Director of Public Safety, the Director of Public Service and all appointive officers may be removed by the Mayor, provided however, that such removal shall not take effect without the concurrence of two-thirds (2/3) of the members of Council eligible to vote.* * * *" (Emphasis added.)

"ARTICLE V

4

"ADMINISTRATIVE OFFICERS AND DEPARTMENTS

"SEC. 1. GENERAL PROVISIONS.

" * * * *Except as otherwise provided by this Charter, all appointments and removals in the several departments shall be made by the respective directors*." (Emphasis added.)

{¶ 14} In 1990, the electorate amended Section 5(a), Article III of the charter to provide:

"*Except as may otherwise be provided by this Charter* or the laws of the State of Ohio governing Civil Service, *the Mayor shall have the power to appoint*, promote, transfer, reduce *or remove any officer or employee of the City* except (a), those required by this Charter to be elected, and (b), those whose terms of office may be fixed by this Charter.  * * * *Unless otherwise provided for in this Charter, the Mayor may during his term, without concurrence of Council, remove any officer or employee whom he has appointed provided, however, that heads of departments or divisions created by this Charter may only be removed with the concurrence of two-thirds (2/3) of the members of Council eligible to vote*."  (Emphasis added.)

{¶ 15} Section 1, Article V of the charter was not amended.

{¶ 16} Municipal charters must be construed to give effect to all separate provisions and to harmonize them with statutory provisions whenever possible. *State ex rel. Fite v. Aeh* (1997), 80 Ohio St.3d 1, 4, 684 N.E.2d 285, 287.  Language used in a municipal charter should be construed according to its ordinary and common usage.  *State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 138, 656 N.E.2d 940, 944.

{¶ 17} Applying these rules of construction to the pertinent charter provisions, Fattlar cannot establish a clear legal right to reinstatement or a corresponding clear legal duty on the part of Mayor Boyle to reinstate him.  Under the charter, both the mayor and the public safety director have authority to remove the head of the Division of Parks and Recreation.  Neither the mayor nor the safety

director has the exclusive power of removal because the charter provisions expressly limit their power by including phrases like "[e]xcept as otherwise provided by this Charter" or "[u]nless otherwise provided for in this Charter * * *." See Section 5(a), Article III, and Section 1, Article V, North Olmsted Charter. The safety director's removal authority, unlike the mayor's, does not require the concurrence of two-thirds of city council.

{¶ 18} Although, as Fattlar contends, the construction of the pertinent charter provisions results in department heads possessing greater removal power over their division heads than does the mayor, the language of the charter dictates this result, and neither the wisdom nor the desirability of these provisions is subject to judicial review. See *State ex rel. Paluf v. Feneli* (1994), 69 Ohio St.3d 138, 144, 630 N.E.2d 708, 713. If the electorate had intended otherwise, it would have amended Section 1, Article V at the same time that it amended Section 5(a), Article III of the North Olmsted Charter.

{¶ 19} Based on the foregoing, Fattlar is not entitled to the requested extraordinary relief in mandamus. Accordingly, we affirm the judgment of the court of appeals, albeit for different reasons than those expressed in its opinion.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––