Robert Hogan, relator, has filed a petition for a writ of mandamus with this court. Relator argues that the Court of Claims abused its discretion by denying relator's request to appeal a decision by the Court of Claims.
On May 19, 1998, relator filed a complaint in the Court of Claims against the Ohio Department of Rehabilitation and Correction ("DRC") for $2,500, alleging that it negligently lost or destroyed several items of his personal property. Pursuant to R.C. 2743.10(A), the clerk of the Court of Claims found that based on the evidence presented, relator failed to prove that he had sustained a loss as a result of any negligence on the part of the DRC. On January 4, 1999, the Court of Claims issued an entry confirming and adopting the order of the clerk.
Relator argues that he filed a notice of appeal from the judgment of the clerk of the Court of Claims, and that the Court of Claims erred in construing the notice of appeal as a motion for the Court of Claims to review the clerk's decision. Relator contends that "the Court of Claims abused its discretion and [relator's] appeal from that court * * * should be reinstated and heard on the merits." The DRC filed a motion to dismiss relator's petition pursuant to Civ.R. 12(B)(6) with this court, arguing that relator cannot appeal the administrative decision of the Court of Claims.
 When reviewing a motion to dismiss pursuant to Civ.R. 12(B)(6):
 "The factual allegations of the complaint and items properly incorporated therein must be accepted as true. Furthermore, the plaintiff must be afforded all reasonable inferences possibly derived therefrom. [Citation omitted.] It must appear beyond doubt that plaintiff can prove no set of facts entitling [him] to relief."
Desenco, Inc. v. Akron (1999), 84 Ohio St.3d 535, 537-538, quoting Vail v. Plain Dealer Publishing Co. (1995), 72 Ohio St.3d 279,280. In order for relator to be entitled to a writ of mandamus, he has to establish that: (1) he has a clear legal right to the requested relief; (2) the court is under a clear legal duty to provide this relief; and (3) the lack of an adequate remedy in the ordinary course of law. State ex rel.Fattlar v. Boyle (1998), 83 Ohio St.3d 123, 125.
R.C. 2743.10 allows civil actions against the state for $2,500 or less to be determined administratively by the clerk of the Court of Claims. R.C. 2743.10(A). After the clerk determines the civil action, upon motion of a party, the Court of Claims shall review the determination of the clerk and enter judgment consistent with its findings. R.C. 2743.10(D). "The judgment shall not be the subject of further appeal."Id.
The Ohio Supreme Court has upheld the rule in R.C. 2743.10(D) that judgments pursuant to R.C. 2743.10 shall not be the subject of further appeal in State ex rel. Thomson v. Court ofClaims (1997), 80 Ohio St.3d 495. The court upheld the appellate court's decision to dismiss a petition for a writ of mandamus seeking to compel the clerk of the Court of Claims to transmit the record to appellate court "because the clerk had no duty to transmit the Court of Claims record to the court of appeals after [relator] attempted to appeal the Court of Claims determination. See R.C. 2743.10(D)." Thomson, at 497. We have also held that "[p]ursuant to R.C. 2743.10, relator has no right to appeal the decision of the Court of Claims * * *. * * * [R]elator's case was heard administratively and, thus, she statutorily cannot appeal the decision." State ex rel. Henselv. Court of Claims (Jan. 11, 1990), Franklin App. No. 89AP-977, unreported (1990 Opinions 19, 22).
Therefore, after having reviewed the record, we find that relator is not entitled to the requested relief because he does not have a right to appeal the administrative decision to this court. Additionally, "[a] writ of mandamus will not issue to control judicial discretion, even if that discretion is abused." Thomson, at 497. Accordingly, we sustain Ohio Department of Rehabilitation and Correction's motion to dismiss relator's petition and this cause is therefor dismissed.
Motion to dismiss granted.
LAZARUS, P.J., and BRYANT, J., concur.