[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 403.]

THE STATE EX REL. STOVALL, APPELLANT, *v.* JONES, JUDGE, APPELLEE.

[Cite as *State ex rel. Stovall v. Jones*, 2001-Ohio-80.]

*Mandamus sought to compel common pleas court judge to vacate relator's 1994 criminal conviction and sentence—Court of appeals' denial of writ affirmed.*

(No. 00-2008—Submitted March 13, 2001—Decided May 16, 2001.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 78366.

————————————

*Per Curiam.*

{¶ 1} In July 2000, appellant, A.J. Stovall, filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellee, Cuyahoga County Court of Common Pleas Judge Peggy Foley Jones, to vacate Stovall's 1994 criminal conviction and sentence, which she allegedly used to enhance Stovall's 1997 criminal conviction and sentence. Stovall claimed that Judge Jones patently and unambiguously lacked jurisdiction to try and convict him in the 1994 case without a knowing, intelligent, and voluntary guilty plea, and without a signed jury waiver pursuant to R.C. 2945.05. Judge Jones filed a motion for summary judgment. In October 2000, the court of appeals denied the writ.

{¶ 2} This cause is now before the court upon an appeal as of right.

{¶ 3} Stovall asserts that the court of appeals erred in denying the writ. For the following reasons, Stovall's assertions lack merit.

{¶ 4} Stovall had adequate legal remedies, *e.g.*, a motion to withdraw his guilty plea and an appeal to raise his claim that he did not knowingly, intelligently, and voluntarily plead guilty in 1994. See, *e.g., State ex rel. Tran v. McGrath* (1997), 78 Ohio St.3d 45, 47, 676 N.E.2d 108, 109; *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 491, 633 N.E.2d 1128, 1130; Crim.R. 32.1.

**{¶ 5}** Further, a claimed violation of the jury-trial waiver requirements of R.C. 2945.05 may be remedied only in a direct appeal from a criminal conviction. *Bradford v. Moore* (2000), 90 Ohio St.3d 75, 734 N.E.2d 828, 829; *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus.

**{¶ 6}** Based on the foregoing, we affirm the judgment of the court of appeals.[1]

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*A.J. Stovall, pro se.*

*William Mason,* Cuyahoga County Prosecuting Attorney, and *Renee L. Snow,* Assistant Prosecuting Attorney, for appellee.

————————————

1.    The court of appeals reasoned that denial was warranted because Stovall was using mandamus to effect his release from prison, and habeas corpus was thus the appropriate remedy. See *State ex rel. Carter v. Ohio Adult Parole Auth.* (2000), 89 Ohio St.3d 496, 733 N.E.2d 609. It is unclear, however, from the face of the petition if Stovall in fact requested his release from prison. Instead, it appears that he sought vacation of only his 1994 conviction and not his 1997 conviction. Nevertheless, even if the court's rationale was incorrect, its judgment denying the writ was appropriate. See *State ex rel. Fattlar v. Boyle* (1998), 83 Ohio St.3d 123, 125, 698 N.E.2d 987, 989 ("a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof").