OPINION
This action in mandamus is presently before this court for final consideration of respondent's motion to dismiss, filed on September 4, 2001. As the primary basis of her motion, respondent, Judge Barbara R. Watson of the Portage County Municipal Court, asserts that the petition of relator, Michael R. Norris, does not state a viable claim for relief because relator's factual allegations support the conclusion that he has an adequate legal remedy. For the following reasons, we conclude that the motion to dismiss has merit.
As an initial matter, this court would note that, in bringing this action, relator captioned his petition as one for the "redress of grievances." However, in the first sentence of the petition, relator expressly states that he is seeking a writ of mandamus against respondent. Moreover, in his prayer for relief, he again states that he is seeking such a writ. Accordingly, we hold that relator's petition attempts to state a claim in mandamus.
For his ultimate relief in this case, relator has requested the issuance of an order which would require respondent to transfer a pending criminal action to the Portage County Court of Common Pleas. In support of this request, relator alleges in his petition that, as part of the proceedings in the underlying action against him, respondent has specifically denied him his constitutional right to a jury trial on the pending charges. Essentially, he argues that respondent has acted improperly in following a state statute which conflicts with the right to a jury trial, as set forth in the United States Constitution.
As a general proposition, in order for a relator in a mandamus action to be entitled to the issuance of the writ, he must be able to prove,inter alia, that he does not have an adequate legal remedy. State exrel. Martin v. Malz (June 29, 2001), Ashtabula App. No. 2000-A-0073, unreported, 2001 Ohio App. LEXIS 2950. Pursuant to this element of a mandamus claim, the writ will not be granted when there exists another legal action through which the relator can achieve the same results as he seeks in the mandamus action. In construing this element, this court has consistently held that a direct appeal from a criminal case before a trial court constitutes an adequate legal remedy. See, e.g., State exrel. Bristow v. Mayer (Dec. 22, 2000), Portage App. No. 2000-P-0107, unreported, 2000 Ohio App. LEXIS 6119.
In State ex rel. Stovall v. Jones (2001), 91 Ohio St.3d 403, the relator sought the issuance of an order which would require the trial court to vacate his prior criminal conviction. As one basis for his mandamus petition, relator argued that the trial court had lacked jurisdiction over him because the court had never required him to execute a waiver of his right to a jury trial. In affirming the appellate court's dismissal of the mandamus petition, the Supreme Court of Ohio concluded that the relator had failed to state a proper claim because a violation of the waiver requirement could be contested in a direct appeal of the conviction.
Although the instant case does not involve the waiver of the right to a jury, the same logic applies. If respondent has erred in interpreting the constitutional provisions or the state statutes governing the right to a jury trial, relator can litigate that issue in a direct appeal at the conclusion of the underlying criminal proceeding. Such an appeal would constitute an adequate legal remedy because, if relator is successful in the appeal, he will obtain the same relief, i.e., a new trial before a jury, which he would receive in this case.
As an aside, our review of relator's petition indicates that he has requested that the underlying criminal action be transferred from respondent's court to the county court of common pleas. As to this point, this court would emphasize that, even if relator's petition had stated a viable mandamus claim and he would have been able to show that his right to a jury trial had been violated, he still would not have been entitled to have the case transferred. If the underlying action against relator only involves a traffic citation, then only a municipal court would have jurisdiction to try relator on the pending charge. See R.C.1901.20(A). Therefore, the only order which this court could grant relator would involve requiring respondent to try relator in accordance with the correct procedure.
Finally, as part of his prayer for relief in this case, relator has requested that he be given a copy of the oath of office of the judges of this court. He has also requested to be given a statement concerning the credentials of the judges of this court. In regard to these requests, we would indicate that relator has failed to cite to any authority, nor is this court aware of any precedent, under which relator is entitled to this type of information as part of a mandamus claim. As a result, we conclude that this aspect of his petition also fails to state a claim upon which the requested relief can be granted.
In applying Civ.R. 12(B)(6), the Supreme Court of Ohio has held that a mandamus petition is legally insufficient if its allegations are such that, even when the allegations are viewed in a manner most favorable to the relator, it is apparent that the relator will be unable to prove a set of facts satisfying all elements of the claim. State ex rel. Boggsv. Springfield Local School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 94,96. Pursuant to the foregoing discussion, this court holds that respondent has met this standard as to the third element of a mandamus claim; i.e., there are no facts under which relator can show that he does not have an adequate legal remedy. Accordingly, dismissal of this action is warranted under Civ.R. 12(B)(6).
Respondent's motion to dismiss is granted. It is the order of this court that relator's mandamus petition is hereby dismissed.