OPINION JOURNAL ENTRY
Pro-se complaint in mandamus was filed in this matter on May 27, 1999 seeking an order to compel Respondent to provide Relator a transcript of a hearing allegedly conducted in Relator's criminal case in Youngstown Municipal Court on September 18, 1998 in Case No. 98 CR 3134B. Relator asserts that such hearing transcript is needed for the proper presentation of his assignments of error in his appeal to this court.
As defined by R.C. 2731.01 mandamus is an extraordinary writ:
 "* * * issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoining as a duty resulting from an office, trust, or station."
Mandamus will lie to compel a trial court to provide a transcript of proceedings provided there is a clear right to the relief requested, there exists a duty to do so and there is no other adequate remedy at law available.
The complaint in this matter is related to Appeals Case No. 98 C.A. 186, wherein Relator filed an appeal after his conviction in Youngstown Municipal Court Case No. 98 CR 3134(B). He was tried and convicted of making a loud and disturbing noise. Notice of Appeal was filed in Case No. 98 C.A. 186 on October 8, 1998. The record in that case discloses that Relator was granted several extensions of time to file his brief. The record further discloses that a transcript of proceedings was filed in that matter on January 21, 1999. That transcript was of the complete trial conducted on September 17, 1998. After filing of such transcript of proceedings Relator was granted a final leave until March 18, 1999 to file his brief. He then received an additional leave until April 17, 1999 to file his brief. A supplemental record containing a motion and judgment entry was filed on April 9, 1999. On April 29, 1999, this Court dismissed the appeal for want of prosecution and noted that there was a doubt that any brief hearing transcript from September 18, 1999 even existed. (Dismissal order journalized in Vol. 64 Page 590.) The complete trial occurred on September 17, 1998 and he was sentenced that day. We note that subsequent to the dismissal order, on May 5, 1999, an additional transcript of proceedings was filed. That additional transcript relates to a pretrial hearing in the case. Relator also filed various motions in that case subsequent to the dismissal, as well as an attempted appeal to the Ohio Supreme Court. On September 16, 1999, the Ohio Supreme Court declined jurisdiction to hear the case.
In order to be entitled to a writ of mandamus Behen must establish a clear legal right to the requested relief, a clear legal duty on the part of the municipal court and the lack of an adequate remedy in the ordinary course of the law. State ex rel. Fattlar v. Boyle (1998),83 Ohio St.3d 123. Relator fails to establish a right to the relief as well as a duty to perform.
The appearance docket from Youngstown Municipal Court discloses that trial was conducted on Case No. 98 CR 3134 on September 17, 1998. Trial was completed that day, and Relator was sentenced upon his conviction. The record reveals that on September 18, 1998, Relator filed his notice of appeal with the trial court clerk, along with several motions incidental to his appeal. There is absolutely no indication that any recorded hearing was conducted on September 18, 1998. This court noted the apparent nonexistence of such transcript in this court's entry of April 29, 1999 in Case No. 98 C.A. 186, wherein we noted that the trial court stated such a transcript does not exist. Relator has failed to provide any evidence to the contrary, except for his unsubstantiated claim in his complaint. Relator has failed to demonstrate entitlement to relief.
Secondly, as this court sua sponte dismissed Appeals Case No. 98 C.A. 186 for failure of Relator to file assignments of error and brief, mandamus is not available to compel performance of a vain act.
Finally, App.R. 9(C) and (D) provide alternative means of composing a statement of evidence in lieu of a transcript if one is not available. Assuming arguendo that a hearing occurred on September 18, 1998, Relator had a legal remedy to supplement the record on appeal with a statement of evidence in accordance with such rule. Relator failed to avail himself of such rule, even though he was accorded an extensive opportunity to do so.
For the above stated reasons we find that Relator has failed to demonstrate entitlement to the relief prayed for in his complaint, that the Respondent has a duty to provide the relief requested and that no adequate remedy at law exists.
* * * Complaint sua sponte dismissed. Costs taxed against Relator.
Final order. Clerk to serve notice on the parties as provided by the civil rules.
Donofrio, J., concurs.
Vukovich, P.J., concurs.
Waite, J., concurs.