[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 319.]

THE STATE EX REL. TENACE, APPELLANT, *v.* COURT OF CLAIMS OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Tenace v. Court of Claims of Ohio*, 2002-Ohio-790.]

*Mandamus and procedendo sought to compel Court of Claims to rule on merits of relator's motion for court review of the administrative determination of his claim to recover replacement value of missing property and to compel the Mansfield Correctional Institution to permit him to replace personal property that the prison either lost or destroyed—Court of appeals' denial of writs affirmed.*

(No. 01-1353—Submitted January 8, 2002—Decided February 27, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-64.

———————————

*Per Curiam.*

{¶ 1} According to the complaint of appellant, Troy M. Tenace, an inmate at appellee Mansfield Correctional Institution, during February 1998, he was transferred to an outside court. Pursuant to the transfer, Tenace's personal property was delivered to the custody of the prison. In November 1999, when Tenace returned to the prison, he complained that several items of his personal property were missing.

{¶ 2} In December 1999, Tenace instituted a complaint against the prison in appellee Court of Claims of Ohio to recover the replacement value of the missing property. In May 2000, a deputy clerk of the Court of Claims rendered an administrative determination granting Tenace's claim in part and ordering the prison to pay him $375. In June 2000, Tenace filed a motion for new trial. He subsequently filed a motion for the Court of Claims to review the administrative determination. The Court of Claims denied Tenace's motion for new trial and

dismissed his motion for court review because he had failed to timely file it. In December 2000, the Court of Claims denied Tenace's motion for relief from its judgment.

{¶ 3} In January 2001, Tenace filed a complaint in the Court of Appeals for Franklin County for writs of mandamus and procedendo to compel the Court of Claims to rule on the merits of his motion for court review and to correct its abuse of discretion in denying his motions. Tenace also requested a writ of mandamus to compel the Mansfield Correctional Institution to permit him to replace his personal property that the prison either had lost or destroyed. Tenace attached to his complaint an affidavit in which he stated that he had "brought no other civil action in the past against the State of Ohio or its employees save for a small claims complaint against the Mansfield Correctional Institution in the Court of Claims of Ohio, Ct. Cl. Case No. 99-14513-AD, the subject matter in the above-captioned case."

{¶ 4} The prison and the Court of Claims filed motions to dismiss the complaints for failure of Tenace to comply with R.C. 2969.25(A). They claimed that Tenace had failed to file an affidavit describing civil actions in New York that had taken place within the last few years. Tenace countered that these were not required to be disclosed because they were not actions against the state of Ohio or its employees and they were criminal rather than civil actions. A magistrate for the court of appeals recommended granting appellees' motions and dismissing the cause. In June 2001, the court of appeals adopted the magistrate's recommendation and denied the writs. This cause is now before the court upon an appeal of right.

{¶ 5} Tenace asserts that the court erred in denying the writs based on R.C. 2969.25(A), which provides:

"At the time that an inmate commences a civil action or appeal against a government entity or employee, *the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate*

2

*has filed in the previous five years in any state or federal court.* The affidavit shall include all of the following for each of those civil actions or appeals:

"(1) A brief description of the nature of the civil action or appeal;

"(2) The case name, case number, and the court in which the civil action or appeal was brought;

"(3) The name of each party in the civil action or appeal;

"(4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal of the award." (Emphasis added.)

{¶ 6} The three cases that appellees cited below in support of their claim that Tenace failed to list cases required by the statute were *People v. Tenace* (1998), 256 A.D.2d 928, 682 N.Y.S.2d 279; *Tenace v. New York* (2000), 530 U.S. 1217, 120 S.Ct. 2223, 147 L.Ed.2d 254; and *In re Tenace v. Rosen* (1997), 89 N.Y.2d 973, 678 N.E.2d 499, 655 N.Y.S.2d 886. The court of appeals correctly held that the affidavit requirement of R.C. 2969.25(A) applies to non-Ohio actions because the language of the statute specifies "*any* state or federal court." (Emphasis added.)

{¶ 7} The court of appeals, however, erred in holding that Tenace failed to comply with R.C. 2969.25(A) by not listing his New York cases in his affidavit. The first two of these cases are manifestly direct appeals from his *criminal* conviction and sentence, see *People v. Tenace* and *Tenace v. New York*, rather than appeals in *civil* actions, and it is not clear that the remaining case was an appeal of a *civil* action. In fact, in a subsequent affidavit, Tenace claimed that all of these cases were criminal cases, and appellees did not introduce evidence to establish otherwise.

**{¶ 8}** Nevertheless, even if the court's rationale was incorrect, its judgment denying the writs was proper. See *State ex rel. Stovall v. Jones* (2001), 91 Ohio St.3d 403, 404, 746 N.E.2d 601, 602, fn. 1, quoting *State ex rel. Fattlar v. Boyle* (1998), 83 Ohio St.3d 123, 125, 698 N.E.2d 987, 989 (" 'a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof' ").

**{¶ 9}** Tenace is not entitled to the requested extraordinary relief in mandamus and procedendo. It is evident that Tenace challenges the decisions of the Court of Claims regarding his motions. But neither mandamus nor procedendo can be used to control judicial discretion, even if, as Tenace alleges, that discretion is abused. See, *e.g., State ex rel. Hansen v. Reed* (1992), 63 Ohio St.3d 597, 600, 589 N.E.2d 1324, 1326-1327; *State ex rel. Carroll v. Corrigan* (2001), 91 Ohio St.3d 331, 332, 744 N.E.2d 771, 773.

**{¶ 10}** Further, to the extent that Tenace requests writs for the court to rule on his motion for court review, neither mandamus nor procedendo will compel the performance of a duty that has already been performed. *State ex rel. Nelson v. Russo* (2000), 89 Ohio St.3d 227, 228, 729 N.E.2d 1181, 1182.

**{¶ 11}** In addition, Tenace is not entitled to the requested writ of mandamus against the prison because he had an adequate legal remedy by way of his action in the Court of Claims. The fact that he was partially unsuccessful in pursuing that alternate remedy does not entitle him to extraordinary relief in mandamus. See *Howard v. Spore* (2001), 91 Ohio St.3d 131, 132, 742 N.E.2d 649, 650 ("to the extent that Howard may have already unsuccessfully invoked this alternate remedy, he may not relitigate the same issue by way of mandamus").

**{¶ 12}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Troy M. Tenace, pro se*.

*Betty D. Montgomery*, Attorney General, *Todd R. Marti* and *Martin Susec*, Assistant Attorneys General, for appellees.

————————————