[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 465.]

THE STATE EX REL. WHITE, APPELLANT, *v.* SUSTER, JUDGE, APPELLEE.

[Cite as *State ex rel. White v. Suster*, 2002-Ohio-2482.]

*Mandamus sought to compel common pleas court judge to correct an entry of sentence in relator's criminal case—Court of appeals' denial of writ affirmed, when.*

(No. 2002-0045—Submitted April 9, 2002—Decided June 12, 2002.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 79986, 2001-Ohio-4158.

_____

**Per Curiam.**

{¶1} In 1996, appellant, Dewight White, was convicted of two counts of burglary, two counts of theft, and one count of theft of less than $5,000, and was sentenced to an aggregate prison term of three and one-half years to fifteen and one-half years. In December 2000, appellee, Cuyahoga County Common Pleas Court Judge Ronald Suster, denied White's motion to correct the entry of sentence.

{¶2} In July 2001, White filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel Judge Suster to correct his journal entry "to reflect the fact that [his] sentencing was never scheduled for April 11, 1996, at 9:00 A.M. at Relator's request, nor was Relator sentenced on March 28, 1996." White did not attach an affidavit required of inmates by R.C. 2969.25(A) describing each civil action or appeal of a civil action filed by the inmate against governmental entities or employees in the previous five years in any state or federal court, an R.C. 2969.25(C) certified statement of his prison cashier, or an affidavit specifying the details of his claim, as required by Loc.App.R. 45(B)(1)(a). After Judge Suster filed an answer and a motion to dismiss or, in the alternative, for summary judgment, the court of appeals denied the writ. The court

of appeals denied the writ for three separate reasons: (1) mandamus is not appropriate to compel a judge to enter a specific judgment, (2) White did not comply with Loc.App.R. 45(B)(1)(a), and (3) White did not comply with the filing requirements of R.C. 2969.25.

{¶3} In his appeal of right, White challenges only the first of the three reasons given by the court of appeals in denying the writ. Therefore, even assuming that White's contention on appeal is correct, he would still not be entitled to reversal of the judgment. In other words, even if the court's rationale on one of its grounds was incorrect, its judgment denying the writ based on the two grounds that White does not challenge on appeal was proper. *State ex rel. Tenace v. Court of Claims* (2002), 94 Ohio St.3d 319, 321, 762 N.E.2d 1009; see, also, *State ex rel. Sherrills v. Franklin Cty. Clerk of Courts* (2001), 92 Ohio St.3d 402, 750 N.E.2d 594, affirming dismissal of mandamus claim for failure to comply with R.C. 2969.25(A) and (C) filing requirements.

{¶4} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

Dewight White, pro se.

_____

2