PER CURIAM OPINION
{¶ 1} This habeas corpus case is presently before this court for consideration of the motion to dismiss of respondent, Warden Julius Wilson of the Trumbull Correctional Institution. As the primary grounds for his motion, respondent asserts that the habeas corpus claim of petitioner, Jeffrey Hitchcock, fails to set forth a viable claim for relief because his own allegations support the conclusion that his present incarceration is based on a valid criminal conviction. For the following reasons, this court holds that the motion to dismiss has merit.
 {¶ 2} According to petitioner, his confinement in respondent's state institution is predicated solely upon a 1999 conviction rendered by the Cuyahoga County Court of Common Pleas. In that underlying action, petitioner agreed to enter a plea of guilty to one count of involuntary manslaughter and one count of endangering children. After accepting the guilty plea, the Cuyahoga County trial court sentenced petitioner to an aggregate term of seventeen years in prison.
 {¶ 3} As the basis for his habeas corpus claim, petitioner contends that he is entitled to be released immediately from the institution because the Cuyahoga County trial court did not have jurisdiction to impose the conviction upon him. Specifically, he argues that his conviction should be declared void because, prior to accepting his plea of guilty, the trial court failed to obtain from him a written waiver of his right to a jury trial.
 {¶ 4} As petitioner aptly notes, the procedure by which a criminal defendant can waive his constitutional right to a jury trial is delineated in R.C. 2945.05. This statute provides, in pertinent part: "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * * Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."
 {¶ 5} In construing the foregoing statutory language, the Supreme Court of Ohio has held that a trial court loses the jurisdiction to conduct a bench trial in a criminal proceeding when the requirement of a written waiver is not satisfied. Statev. Pless (1996), 74 Ohio St.3d 333, paragraph one of the syllabus. However, in light of the unambiguous wording of R.C.2945.05, it is evident that the statute was intended to have a limited scope; i.e., the statute only covers the situation in which the defendant has decided to be tried by the trial court itself, instead of a jury.
 {¶ 6} When a defendant chooses to plead guilty to the pending charges, he has essentially decided not to have his guilt or innocence determined through a trial. That is, since a factual determination of guilt is no longer needed once a defendant has pled guilty, such a plea acts as a waiver of any trial, whether by a jury or the court. Thus, it has been held that, when a guilty plea is made, the requirement of a written jury waiver under R.C. 2945.05 is simply inapplicable because the defendant will never be subject to an actual trial. See State v. Buzzard, 8th Dist. No. 79342, 2002-Ohio-3116; State v. Taylor (June 16, 2000), 4th Dist. No. 99CA1.
 {¶ 7} In the instant action, petitioner has readily admitted in his petition that his 1999 conviction was not the result of a trial of any type. Instead, his conviction resulted from a plea of guilty. Under these circumstances, the lack of a written jury waiver could not have deprived the Cuyahoga County trial court of jurisdiction because R.C. 2945.05 had no application to the proceedings.
 {¶ 8} In addition to the foregoing, this Court would note that the Supreme Court has expressly held that an alleged violation of R.C. 2945.05 cannot form the basis of a viable habeas corpus claim because the defendant has an adequate legal remedy through a direct appeal from the conviction. See State exrel. Stovall v. Jones (2001), 91 Ohio St.3d 403. As a result, even if petitioner's allegations were sufficient to state a possible violation of the "written waiver" requirement, he still could not have contested the issue in the instant action.
 {¶ 9} Pursuant to the foregoing analysis, this court concludes that, even when petitioner's allegations are construed in a manner most favorable to him, they are still insufficient to establish that he could ultimately prove a set of facts under which he would be entitled to be released from the correctional institution. Thus, the dismissal of his habeas corpus petition is warranted under Civ.R. 12(B)(6) because he has failed to state a viable claim for the requested relief.
 {¶ 10} Respondent's motion to dismiss the habeas corpus petition is granted. It is the order of this court that petitioner's entire habeas corpus petition is hereby dismissed.
Ford, P.J., Christley and O'Neill, J., concur.