OPINION JUDGMENT ENTRY
{¶ 1} Petitioner-appellant Barton T. Schilling appeals the November 7, 2003 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, which dismissed appellant's Petition in Mandamus and which granted summary judgment in favor of respondent-appellee the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On December 31, 1998, the Tuscarawas County Grand Jury indicted appellant on one count of felonious sexual penetration, twenty-six counts of rape, and two counts of gross sexual imposition. The charges arose from appellant's molesting two of his three daughters over a seven year period. Appellant entered a plea of not guilty to the charges contained in the indictment. Appellant moved to disqualify the Tuscarawas County Prosecuting Attorney and her office from the case because the prosecutor had previously served as guardian ad litem for his daughters. The trial court granted the motion and ordered the Stark County Prosecutor's Office to represent the State of Ohio as special counsel.
{¶ 3} Prior to trial, the State moved to dismiss twenty-four of the twenty-six counts of rape, which the trial court granted. Appellant moved to dismiss the one count of felonious sexual penetration, which the trial court also granted. The matter proceeded to jury trial on October 10, 2000. After hearing all the evidence and deliberations, the jury found appellant guilty of the remaining counts. The trial court sentenced appellant to life in prison on one count of rape, an indefinite term of imprisonment of ten to twenty-five years on the second count of rape, and a definite term of two years on each count of gross sexual imposition. The trial court ordered the sentences to be served consecutively. Appellant filed a timely notice of appeal. This Court affirmed the conviction and sentences. State v.Schilling (Feb. 12, 2002), Tusc. App. No. 2001AP010001, unreported. The Ohio Supreme Court refused further review of the matter.
{¶ 4} Appellant subsequently sent a correspondence dated June 3, 2003, to special prosecutor Jonathan Baumoel, requesting "copies of any and all records on file pursuant to R.C. 149.43." The Stark County Prosecutor's Office denied appellant's request, asserting the information contained in the file, which was not subject to discovery, was not subject to release as a public record and was specifically exempt from release as a trial preparation record. On August, 26, 2003, appellant filed a Writ of Mandamus in the Tuscarawas County Court of Common Pleas, seeking the release of the records. The State filed a timely answer and moved for summary judgment. Appellant filed a memorandum in opposition thereto. The trial court conducted an oral hearing on October 31, 2003. Via Judgment Entry filed November 7, 2003, the trial court granted the State's motion for summary judgment and dismissed appellant's petition. On November 20, 2003, appellant filed a Motion for Reconsideration, which the trial court denied via Judgment Entry filed December 5, 2003.
{¶ 5} It is from the November 7, 2003 Judgment Entry appellant appeals, raising the following assignments of error:
{¶ 6} "I. Appellant has a right to the police reports and Statements, Pursuant to R.C. 149.43(A)(4).
{¶ 7} "II. Appellant has a right to the discovery, pursuant to criminal Rule 16."
 I
{¶ 8} In his first assignment of error, appellant maintains he has a legal right to the police reports and statements contained in his file pursuant to R.C. 149.43(A)(4), the Public Records Act. The State argues it is not required to release these records because they are contained within the prosecutor's litigation file and are exempt from release as trial preparation records.
{¶ 9} In order to qualify for a writ of mandamus, a petitioner has the burden to establish the petitioner has a clear legal right to the relief requested, the respondent has a clear legal duty to provide the relief, and the petitioner lacks an adequate remedy in the ordinary course of law. See, State ex rel. Fattlarv. Boyle (1998), 83 Ohio St.3d 123, 124. To emphasize, the petitioner bears the burden of showing a clear legal right to the relief sought, as well as the burden of demonstrating that the respondent is under a legal duty to do the act requested. In rePetition for Disclosure of Evidence (1980), 63 Ohio St.2d 212.
{¶ 10} We find appellant has failed to meet his burden of showing the State has a clear legal duty to provide the requested documents. Accordingly, we find appellant has not established he is entitled to a writ of mandamus.
{¶ 11} Appellant's first assignment of error is overruled.
 II
{¶ 12} In his second assignment of error, appellant contends he has a right to the requested discovery pursuant to Crim. R. 16.
{¶ 13} Information, not subject to discovery pursuant to Crim. R. 16(B), contained in the file of a prosecutor who is prosecuting a criminal matter, is not subject to release as a public record pursuant to R.C. 149.43 and is specifically exempt from release as a trial preparation record in accordance with R.C. 149.43(A)(4). Steckman v. Jackson (1994),70 Ohio St.3d 420, para. 3 of syllabus.
{¶ 14} Appellant asserts the discovery requested is not trial preparation records. Although appellant, in his Brief to this Court, appellant discussed police records and witness statements, a thorough review of the record does not reveal the specific documents appellant sought from the prosecutor in his petition. Appellant has failed to file a transcript in this matter. Without a transcript, this Court is unable to determine whether the information was or was not subject to discovery.
{¶ 15} In Knapp v. Edwards Lab. (1980), 61 Ohio St.2d 197, the Ohio Supreme Court held: "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the Court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. at 199.
{¶ 16} Based upon the authority of Knapp, we presume the regularity of the trial court's decision and find appellant has failed to affirmatively demonstrate in the record he was entitled to the information requested.
{¶ 17} Appellant's second assignment of error is overruled.
{¶ 18} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By: Hoffman, J., Gwin, P.J. and, Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, The judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellant.