OPINION
{¶ 1} Defendant-appellant Billy W. Kilgore appeals from an order denying his motion to withdraw his plea of guilty to one count of Resisting Arrest and one count of Disorderly Conduct. Kilgore contends that the trial court erred by denying his post-sentence motion to withdraw his plea because he did not execute a waiver of his right to a jury trial in open court, as required by R.C. 2945.05, and he was not informed that the effect of his plea would be a complete admission of guilt, as required by Crim. R. 11. He also contends that the sentence imposed is in excess of the lawful sentence that may be imposed.
 {¶ 2} We conclude that a written jury waiver is not required when a guilty plea is tendered and accepted pursuant to Crim. R. 11, thereby avoiding the necessity for trial. We further conclude that Kilgore is presumed to have understood that the effect of his guilty plea would be a complete admission of guilt, since his plea tender was not accompanied by any protestation of innocence. Finally, we agree with the State that any alleged error in sentencing is outside the scope of this appeal, which is from the denial of Kilgore's motion to withdraw his plea. Kilgore received a sentence that was within the range of which he was advised when he tendered his plea, so that there is no manifest miscarriage of justice in connection with his sentence. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 3} Kilgore was charged with Domestic Violence, in violation of R.C. 2919.25, Aggravated Menacing, in violation of R.C. 2903.21, and Resisting Arrest, in violation of R.C. 2921.33. In a plea bargain, Kilgore pled guilty to Resisting Arrest, his Domestic Violence charge was reduced to Disorderly Conduct, to which he pled guilty, and the Aggravated Menacing charge was dismissed. He was sentenced to 180 days in jail for Resisting Arrest and 30 days in jail for Disorderly Conduct, to be served concurrently. Kilgore was placed on probation, with all jail time being suspended.
 {¶ 4} Following a charge that Kilgore violated the terms of his probation, he moved to withdraw his guilty plea. The trial court denied Kilgore's motion to withdraw his plea. This appeal followed.
 II {¶ 5} Kilgore's sole assignment of error is as follows:
 {¶ 6} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."
 {¶ 7} In support of his assignment of error, Kilgore presents three issues.
 A {¶ 8} The first issue Kilgore raises is as follows:
 {¶ 9} "THE RECORD INDICATES THAT THE TRIAL COURT ERRED IN FAILING TO HAVE THE APPELLANT WITHDRAW HIS DEMAND FOR A JURY TRIAL IN OPEN COURT AS IS MANDATED BY SECTION 2945.05 OF THE OHIO REVISED CODE."
 {¶ 10} R.C. 2945.05 provides that a criminal defendant may waive the right to a jury trial:
 {¶ 11} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * *"
 {¶ 12} Kilgore did not waive his right to a jury before pleading guilty.
 {¶ 13} We agree with the State that this statutory requirement has application only where a defendant elects to waive the right to a jury and to be tried by the judge, as the finder of fact. Where the need for a trial, whether by a jury or by the trial judge, is obviated as a result of a guilty plea, the requirement that a jury waiver be in writing has no application. In accord, see Hitchcock v. Wilson (Trumbull App.),2004-Ohio-1073, and State v. Buzzard (Cuyahoga App.), 2002-Ohio-3116.
 {¶ 14} We find the first issue raised by Kilgore to be without merit.
 B {¶ 15} The second issue Kilgore raises in support of his assignment of error is as follows:
 {¶ 16} "THE RECORD INDICATES THAT THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ACCEPTING A PLEA FROM THE APPELLANT WHEN THE APPELLANT WAS NOT FULLY INFORMED AS TO ALL OF THE CONSEQUENCES OF SAID PLEA PURSUANT TO CRIM. R. 11, AND IN FAILING TO INQUIRE AND DETERMINE WHETHER APPELLANT'S PLEA WAS ENTERED VOLUNTARILY, INTELLIGENTLY AND KNOWINGLY."
 {¶ 17} In his brief, Kilgore argues that the trial court did not inform him that the effect of his plea would be a complete admission of his guilt. It is true that the trial court, in taking Kilgore's plea, never advised him that the effect thereof would be a complete admission of his guilt. As the State notes, however, "a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." State v. Griggs (2004),103 Ohio St.3d 85, 814 N.E.2d 51.
 {¶ 18} A motion to withdraw a guilty plea made after sentence has been imposed should only be granted "to correct a manifest miscarriage of justice." Crim.R. 32.1. The plea colloquy in this case was technically deficient in a number of respects. Nevertheless, with the possible exception of the matter addressed in connection with Kilgore's third issue for review, discussed in Part II-C, below, Kilgore has not claimed, and still less has he demonstrated, any basis for finding a manifest miscarriage of justice. He has not claimed any misapprehension as to the rights that he was waiving by pleading guilty, in the absence of which he would not have taken the deal and pled guilty. Accordingly, we find Kilgore's second issue in support of his assignment of error to be without merit.
 C {¶ 19} The third issue Kilgore raises in support of his assignment of error is as follows:
 {¶ 20} "THE RECORD INDICATES THAT THE TRIAL COURT IMPOSED A SENTENCE IN EXCESS OF THE STATUTORY AUTHORIZED PERIOD OF CONFINEMENT FOR A SECOND DEGREE MISDEMEANOR."
 {¶ 21} Kilgore asserts that his sentence — 180 days in jail — exceeds the maximum sentence for a second degree misdemeanor, which is 90 days in jail. The underlying issue is whether Kilgore pled guilty to Resisting Arrest under R.C. 2921.33(B), an element of which is the causing of harm to a law enforcement officer, which is a first-degree misdemeanor, or whether he pled guilty to Resisting Arrest under R.C. 2921.33(A), which does not include the causing-harm element, and which is a second-degree misdemeanor. When asked at oral argument how this issue relates to Kilgore's motion to withdraw his plea, from the denial of which this appeal is taken, Kilgore argued that he had no idea to which degree of Resisting Arrest he was pleading guilty, as a result of which a manifest injustice occurred.
 {¶ 22} It is true that the charging document summoning Kilgore into court for Resisting Arrest does not specify the particular division of R.C. 2921.33. That document does, however, recite the charge as "RESISTING ARREST M-1." Although the notation "M-1" appears several lines below "RESISTING ARREST," there is no text in the intervening lines.
 {¶ 23} It must also be remembered that one thing the trial court did tell Kilgore, before he pled guilty, was that the Resisting Arrest charge to which he would be pleading guilty was a first-degree misdemeanor, carrying a sentence of up to six months in jail. After Kilgore's plea was accepted, he was, in fact, sentenced to 180 days in jail for Resisting Arrest, although that sentence was suspended, and he was placed on probation. The plea and sentence occurred on December 17, 2003. Kilgore did not move to withdraw his plea until September 3, 2004, over eight months later.
 {¶ 24} We find no manifest miscarriage of justice. It appears from the record that Kilgore understood that he was pleading guilty to Resisting Arrest as a first-degree misdemeanor, notwithstanding any technical deficiencies in the charging document, and that he understood that the maximum penalty for that offense was six months in jail.
 {¶ 25} Kilgore's third issue in support of his assignment of error is without merit.
 III {¶ 26} All of Kilgore's issues raised in support of his sole assignment of error having been found to be without merit, his sole assignment of error is overruled, and the judgment of the trial court is Affirmed.
Grady and Donovan, JJ., concur.