[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Woods v. Heekin*, Slip Opinion No. 2024-Ohio-1719.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-1719

THE STATE EX REL. WOODS, APPELLANT, *v.* HEEKIN, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Woods v. Heekin*, Slip Opinion No. 2024-Ohio-1719.]

*Mandamus—Court of appeals erred in its reasoning for granting appellee's 12(B)(6) motion to dismiss, but dismissal was correct because appellant did not effect removal to federal court and thus did not divest common pleas court of jurisdiction over legal-malpractice action—Court of appeals' judgment affirmed.*

(No. 2023-1340—Submitted March 26, 2024—Decided May 8, 2024.)

APPEAL from the Court of Appeals for Hamilton County, No. C-220434.

_____

**Per Curiam.**

{¶ 1} Appellant, Jeffery Woods, appeals the First District Court of Appeals' dismissal of his complaint for a writ of mandamus against appellee, Hamilton County Court of Common Pleas Judge Tom Heekin. Though the court of appeals

erred in its rationale for dismissing the mandamus complaint, we affirm the court of appeals' judgment because Woods does not state a claim upon which relief can be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} According to the mandamus complaint he filed in the court of appeals, Woods was the plaintiff in a legal-malpractice lawsuit filed in the Hamilton County Court of Common Pleas. In May 2018, the defendant in that action filed a motion to dismiss the suit under Civ.R. 12(B)(6) or, alternatively, for summary judgment under Civ.R. 56. One year later, on May 3, 2019, Woods filed a notice of removal with the United States District Court for the Southern District of Ohio, seeking to remove the legal-malpractice lawsuit to that court.

{¶ 3} On May 17, a United States magistrate judge recommended that Woods's petition for removal be denied and that the matter be dismissed and remanded to the state court. The magistrate judge found that removal of Woods's legal-malpractice lawsuit was improper because (1) under 28 U.S.C. 1441(a), only a *defendant* may remove a case from state court to federal court, (2) Woods's notice of removal was untimely, and (3) the federal court lacked subject-matter jurisdiction over the case. Woods filed objections to the magistrate judge's report and recommendation under Fed.R.Civ.P. 72(b). In March 2020, the district court overruled Woods's objections, adopted the magistrate judge's report and recommendation, dismissed the case from its docket, and remanded the matter to the Hamilton County Court of Common Pleas. *Woods v. Rosenwald*, S.D.Ohio No. 1:19cv333, 2020 U.S. Dist. LEXIS 55368 (Mar. 30, 2020).

{¶ 4} Meanwhile, in August 2019—before the federal district court had ruled on Woods's objections—Judge Heekin granted the motion to dismiss Woods's legal-malpractice lawsuit. According to the allegations Woods made in his mandamus complaint, the common pleas court took no further action in the legal-malpractice lawsuit after the federal court's remand.

{¶ 5} Woods filed this action in the court of appeals in September 2022. He claimed that the common pleas court lacked jurisdiction over his legal-malpractice lawsuit once he filed his notice of removal of that lawsuit to federal court. He sought a writ of mandamus ordering Judge Heekin to vacate the August 2019 judgment of dismissal in that case.

{¶ 6} Judge Heekin filed a motion to dismiss Woods's mandamus complaint under Civ.R. 12(B)(6). He argued that Woods could not obtain the relief he sought in mandamus, because Woods did not allege compliance with the procedural requirements for removal under 28 U.S.C. 1446(d), namely, the requirement that the notice of removal be filed with the *state* court. Judge Heekin argued that because Woods did not perform the necessary steps for effecting removal to federal court, the common pleas court "at worst, possessed concurrent jurisdiction" with the federal court while the federal court considered Woods's removal petition.

{¶ 7} The court of appeals dismissed Woods's mandamus complaint, but not for the reasons set forth in Judge Heekin's motion. Rather, the court of appeals dismissed the complaint on the basis that "mandamus cannot be used to compel a particular ruling from a judge." Woods appealed to this court as of right.

## II. ANALYSIS

{¶ 8} We review de novo a dismissal of a mandamus action under Civ.R. 12(B)(6). *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. We will affirm a judgment granting dismissal "only when there is no set of facts under which the nonmoving party could recover." *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12.

{¶ 9} To prevail in his mandamus action, Woods must establish by clear and convincing evidence that (1) he has a clear legal right to the requested relief, (2) Judge Heekin has a clear legal duty to provide it, and (3) Woods lacks an

adequate remedy in the ordinary course of the law. *McKinney* at ¶ 9. Generally, mandamus will not lie in cases in which the relator already possesses an adequate legal remedy. *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 10. "But when there is a patent and unambiguous lack of jurisdiction, such extraordinary relief is warranted 'to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions, notwithstanding the availability of appeal.' " *Id.*, quoting *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393, 678 N.E.2d 549 (1997). Woods did not appeal the August 2019 judgment dismissing his legal-malpractice action, but that fact is irrelevant if Judge Heekin patently and unambiguously lacked jurisdiction to act. *See id.*

### A. Court of Appeals' Rationale Is Erroneous

{¶ 10} Citing *State ex rel. Tenace v. Court of Claims*, 94 Ohio St.3d 319, 2002-Ohio-790, 762 N.E.2d 1009, the court of appeals dismissed Woods's mandamus complaint because "mandamus cannot be used to compel a particular ruling from a judge." In *Tenace*, this court held that mandamus was not an appropriate remedy because the appellant's argument was that the Court of Claims abused its discretion in denying his motions rather than that the Court of Claims violated a clear legal duty. *See id.* at 322. Mandamus cannot be used to control judicial discretion even when that discretion is abused. *Id.*

{¶ 11} The rule from *Tenace*, however, is inapplicable here. Woods seeks a writ of mandamus commanding Judge Heekin to vacate his judgment of dismissal because, according to Woods, that decision is void for want of jurisdiction. If Woods is correct that Judge Heekin patently and unambiguously lacked jurisdiction to dismiss the legal-malpractice action, a writ of mandamus is an appropriate remedy to correct the results of the prior, jurisdictionally unauthorized actions. *See Davis* at ¶ 10. Accordingly, the court of appeals should have determined whether Woods's mandamus complaint states a meritorious claim that the common pleas

court patently and unambiguously lacked jurisdiction to render a judgment in the legal-malpractice action. *See id.* at ¶ 15, 18.

### B. The Common Pleas Court Did Not Lack Jurisdiction

{¶ 12} Even though the court of appeals' rationale for dismissal is incorrect, "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." *State ex rel. Fattlar v. Boyle*, 83 Ohio St.3d 123, 125, 698 N.E.2d 987 (1998). In this case, dismissal of Woods's mandamus complaint by the court of appeals was correct because it is evident on the face of the complaint that the common pleas court did not patently and unambiguously lack jurisdiction to dismiss the legal-malpractice action.

{¶ 13} The plain language of 28 U.S.C. 1446(d) requires three procedural steps to effect removal of an action from state court to federal court: (1) filing a notice of removal in the federal court, (2) giving written notice of the removal to all adverse parties, and (3) filing a copy of the removal notice in state court. "A basic removal principle is that once the provisions of Section 1446(d), Title 28, U.S.Code have been met, the state court is divested of jurisdiction to proceed further until there has been a remand by the federal court." *Borkowski v. Abood*, 117 Ohio St.3d 347, 2008-Ohio-857, 884 N.E.2d 7, ¶ 12, citing *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir.1996), and *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254 (11th Cir.1988).

{¶ 14} Conversely, removal is not complete until the removing party has completed all steps required by the statute. Thus, the state court is not divested of jurisdiction until a copy of the notice of removal has been filed *with the state court*. "It is the notice to the district court that an action has been removed which terminates the state court's jurisdiction over the case, so when a defendant fails to notify the state court promptly of the removal he creates concurrent jurisdiction over the case in both the state and federal court." *Schliewe v. Toro*, 138 Fed.Appx. 715, 720 (6th Cir.2005); *see also Resolution Trust Corp. v. Nernberg*, 3 F.3d 62,

69 (3d Cir.1993); *Berberian v. Gibney*, 514 F.2d 790, 792-793 (1st Cir.1975). Thus, "both state and federal courts have jurisdiction until the process of removal is completed." *Id.* at 793.[1]

{¶ 15} Judge Heekin argues that Woods did not divest the common pleas court of jurisdiction, because Woods never filed his notice of removal in that court. The allegations in Woods's mandamus complaint—and the documents he incorporated in and attached to the complaint—support Judge Heekin's argument.[2] Woods alleges that he filed his notice of removal in federal court but does not allege that he filed a copy of the notice in state court, as required by 28 U.S.C. 1446(d). Moreover, a copy of the common-pleas-court docket attached to and incorporated into Woods's mandamus complaint does not show that he filed a copy of the notice of removal with the common pleas court.

{¶ 16} Indeed, Woods does not dispute that he neglected to file a copy of the notice of removal with the common pleas court. Rather, Woods argues that the common pleas court had notice of his petition for removal to federal court by virtue of his having filed a motion to stay proceedings in the state court. But even if this is true, his motion to stay did not patently and unambiguously divest the common pleas court of jurisdiction in the legal-malpractice action. The removal statute, 28 U.S.C. 1446(d), plainly requires the removing party to file a copy of his notice of removal with the state court; only then is the state court deprived of jurisdiction. *See Resolution Trust Corp.*, 3 F.3d at 69. Because Woods does not allege in his mandamus complaint that he filed a copy of his notice of removal of the legal-malpractice action with the common pleas court, he has not shown that Judge

---

1. At least one federal circuit court of appeals has held that a federal district court does not obtain jurisdiction *at all* until a copy of the notice of removal is filed with the state court. *See Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir.1996).

2. Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281 (1997), fn. 1.

Heekin patently and unambiguously lacked jurisdiction to rule on the dispositive motion filed in the legal-malpractice action.

### III. CONCLUSION

{¶ 17} Even though the First District Court of Appeals erred in its reasoning, it correctly dismissed Woods's mandamus complaint. We therefore affirm the court of appeals' judgment.

Judgment affirmed.

KENNEDY, C.J., and DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

FISCHER and DETERS, JJ., not participating.

———————————

Jeffery Woods, pro se.

Melissa A. Powers, Hamilton County Prosecuting Attorney, and James S. Sayre and Charles W. Anness, Assistant Prosecuting Attorneys, for appellee.

———————————